Eulogio **CORDOVA,** Petitioner

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–3604.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 18, 2009.

Filed: Nov. 23, 2009.

Regis Fernandez, Esq., Newark, NJ, for Petitioner.

Jacob A. Bashyrov, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Petitioner Eulogio Cordova is a native and citizen of Bolivia. He seeks review of both a final order of removal, entered without his prior attorney present, and the denial of that attorney's continuance request. For the reasons given below, we conclude that the Immigration Judge ("IJ") did not abuse his discretion in denying the continuance request and subsequently ordering Cordova removed. As a result, it was not improper for the Board of Immigration Appeals ("BIA") to adopt and affirm the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and we will deny Cordova's petition for review.

### I.

Cordova entered the United States without inspection in January 1989. DHS was alerted to his presence when Cordova applied for, and was denied, an adjustment of status in January 2004. Removal proceedings were initiated in Newark, New Jersey, and the first hearing before the IJ was in June 2004.[1] The IJ continued proceedings until September 2004, to give Cordova time to hire an attorney. At a hearing on September 23, 2004, Cordova appeared with an attorney named Harlan Schackner.[2] The IJ continued proceedings until February 2005, to permit Schackner time to review the documents and prepare an application for relief.

The next hearing before the IJ was held on February 3, 2005. At that time,

---

**1.** Cordova was charged with being an alien present in the United States without admission or parole, in violation of 8 U.S.C. § 1182(a)(6)(A)(i).

**2.** The IJ and both parties repeatedly misspell Schackner's first and last name as "Harland Shakner."

Schackner argued that Cordova was entitled to relief because of his anticipated adjustment of status, which was alternatively based on a pending I–130 Petition for Alien Relative, filed by Cordova's United States citizen wife,[3] and a pending § 245(i) labor certification.[4] Because Schackner was unprepared to elaborate upon either application, the IJ continued proceedings and scheduled a merits hearing for July 22, 2005. The hearing was rescheduled by the IJ to January 24, 2006, and Cordova appeared on that date with a new attorney, Jerard A. Gonzalez.[5] At the hearing, Gonzalez requested his second continuance, this time based on his belief that Cordova's labor certification was to be processed "within a month or two." [6] With reluctance, the IJ continued the case until June 22, 2006, making it clear to Cordova and Gonzalez that the prospects of another continuance were grim:

> The case will end one way or another in June. Doesn't matter if you get sick and you can't be here. Doesn't matter if you changed lawyers. Nothing matters, the case will end. And either you'll be on your way to green card or you'll be on your way back to Bolivia.

(A.R.88.)

On June 12, 2006, Gonzalez submitted a continuance request to the IJ because he planned to attend the annual American Immigration Lawyers Association ("AILA") conference from June 20 to June 24, 2006, in San Antonio. The IJ denied the request. Cordova appeared at the June 22 hearing without Gonzalez, who had gone to the AILA conference. This exchange ensued:

> Judge: I told Mr. Gonzale[z] that I was not going to adjourn this hearing for any reason. I told you that too, but I guess he decided that the trip was more important ... And we're going to go ahead without him. Now the only question I have for you is, do you want voluntary departure or do you want [a] deportation order? And we talked about this before, so it should be no surprise to you. What would you like to do?
>
> Cordova: Well since my lawyer is not present I don't know what option to take.
>
> Judge: Okay. Well I'll give you a deportation order, then you can discuss what you want to do with him.
>
> Cordova: Okay.

(A.R.91–92.) Thus, the IJ ordered that Cordova be removed from the United States.

The BIA adopted and affirmed the IJ's decision, and dismissed Cordova's appeal. It rejected Cordova's argument that the IJ abused his discretion by denying the June 12 continuance request. The BIA echoed the IJ's findings that "[Cordova's] case has

---

**3.** The I–130 petition was eventually withdrawn because Cordova and his wife had separated.

**4.** Section 245(i) of the immigration statute, itself a provision of the Legal Immigration Family Equity ("LIFE") Act, "enabled certain aliens unlawfully present in the United States to pay an application fee and remain [t]here while seeking to adjust their status based on employment." *Khan v. Att'y Gen.,* 448 F.3d 226, 229 n. 3 (3d Cir.2006).

**5.** Gonzalez' full name is repeatedly misspelled by the IJ and both parties as either "Gerard Gonzales" or "Gerard Gonzalez."

**6.** According to the record, Gonzalez was retained by Cordova on January 5, 2009, and on that day he requested "an adjournment of this matter so [he] could review the file." The IJ denied Gonzalez' request.

been pending ... for 2 years, there is no evidence that any relief is available to [Cordova], and [Cordova] had been informed at the previous hearing that he would be given the chance to apply only for voluntary departure unless he could establish his eligibility for some form of relief." The BIA also stated that

> [t]he only reason given for the continuance request was counsel's desire to attend a conference on that date. However, counsel had known of the June 22, 2006, hearing date for 5 months, and he has not explained why he waited until just 9 days before the scheduled hearing to request a continuance to allow him to attend an annual event which he presumably had known of for quite some time.

(A.R.3.) The BIA concluded that Cordova could not establish the requisite prejudice for a due process claim, and that in any event Cordova had not "complied with the conditions set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), ... for an ineffective assistance of counsel claim." Cordova filed this petition for review.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). *Abdulai v. Ashcroft*, 239 F.3d 542, 547 (3d Cir.2001). We also have "jurisdiction to review an IJ's decision to deny a continuance," and we do so under an "abuse of discretion" standard. *Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir.2008). We will only reverse if the IJ's decision to deny the request is arbitrary, irrational or contrary to law. *See Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994). Additionally, where, as here, the BIA expressly adopts and affirms the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. at 874 (BIA may adopt or affirm IJ's decision, in whole or in part, when it is in

agreement with reasoning and result of that decision), we review the decision of both the IJ and the BIA to determine whether the BIA's decision to defer to the IJ was appropriate. *See Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir.2007).

## III.

Cordova sets forth two arguments on appeal: 1) "[t]he [IJ] abused his discretion in denying prior counsel's motion for a continuance to attend the national or annual [AILA] conference in San Antonio, Texas on June 22, 2006"; and 2) "the Immigration Court violated [his] fair hearing and due process rights by ordering him removed without the presence of his counsel." (Pet. Br. at 8.) We address these arguments in turn.

An IJ may, in his discretion, "grant a motion for continuance for good cause shown." *Khan*, 448 F.3d at 230 (quoting 8 C.F.R. § 1003.29 (2006)). Whether the denial of that motion constitutes an abuse of discretion "cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Ponce–Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir.2003) (internal quotations omitted). But we need not assess those circumstances in a vacuum; our precedent in this area offers guidance to which we now turn.

We have held that it is an abuse of discretion for an IJ to deny a continuance request "based solely on concerns about the amount of time required to resolve [the] case." *Hashmi*, 531 F.3d at 260. That is not to say that a case may be prolonged indefinitely. In *Khan*, the petitioner, like Cordova in the instant matter, sought to adjust his status pursuant to the LIFE Act and, at the time of his attorney's continuance request, there was a pending labor certification. *See* 448 F.3d

at 229. We concluded that the IJ did not abuse his discretion in denying that continuance request because a labor certification is only the first of three steps for obtaining an immigrant visa, *see id.* at 228 n. 2, and Khan could not show "that a visa is 'immediately available' to him or even that one [would] be available to him at some estimable time in the future." *Id.* at 235. In *Ponce–Leiva*, we concluded that the IJ did not abuse his discretion in denying an attorney's continuance request, filed two days before a merits hearing that the attorney had known about for eight months, where the attorney's request was predicated solely on his desire to go to San Diego. *See* 331 F.3d at 375.

This case is similar to both *Khan* and *Ponce–Leiva* in a few important respects. As in the latter case, Cordova's attorney submitted his continuance request just days before a hearing that had been scheduled several months beforehand. Moreover, in both *Ponce–Leiva* and the instant matter, the proffered reasons for the continuance requests were not of an emergent or obligatory nature. While we are somewhat sympathetic to Cordova's argument that "[t]he IJ could have carried [the hearing] over two weeks" because the conference was to last only four days, (Pet. Br. at 12), we nonetheless do not see how Cordova's position would have been improved by such a short postponement. Like the alien in *Khan*, there is no available relief on the horizon for Cordova, only speculative adjustment of status for which he is still in the opening stage. Given these facts, we cannot say that the IJ's denial of the continuance request was arbitrary, irrational or contrary to law.

■ Nor was it a violation of Cordova's due process rights for the IJ to conduct the June 2006 merits hearing without Gonzalez present. To establish a due process violation, Cordova must not only show an abuse of discretion, but also that the abuse caused actual prejudice. *See Morgan v. Att'y Gen.*, 432 F.3d 226, 235 (3d Cir.2005). We find no such abuse in this case. *See Ponce–Leiva*, 331 F.3d at 376 ("Counsel's failure to discharge his duties did not mean that Ponce–Leiva's 'right to counsel' was violated; Ponce–Leiva was simply the victim of poor lawyering".) To that end, we have stated that "it is reasonable and proper for an immigration judge to consider the apparent lack of merit in a claim when deciding to proceed without counsel." *Id.* at 377. We thus agree with the Government that Cordova "cannot demonstrate that he was prejudiced [by the IJ's conducting the hearing in the absence of counsel] because he cannot show that he is eligible for adjustment of status." (Gov't Br. at 21–22.) Moreover, that counsel's absence did not prejudice Cordova not only dooms his due process claim, but also necessitates the failure of any ineffective assistance of counsel claim. *See Ponce–Leiva*, 331 F.3d at 377–78.

Therefore, because we conclude that the IJ did not abuse his discretion in the proceedings below, we also conclude that the BIA did not err in affirming the IJ's decision pursuant to *Matter of Burbano.* Accordingly, we will deny the petition for review.