**ALD-168**                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4374

ERLA SUNARJO; IMAN MOCHAMAD,
                                                                                            Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A097-752-965, A097-752-966)
Immigration Judge: Charles Honeyman

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2010

Before:  SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : April 20, 2010)

OPINION

PER CURIAM

        Petitioners Erla Sunarjo and Iman Mahmoud Chanad seek review of a final order

of removal issued by the Board of Immigration Appeals ("BIA").  The Government has

moved for summary affirmance of the BIA's decision.  Because the appeal presents no

substantial question, we will grant the motion and deny the petition for review.

## I.

Lead petitioner Erla Sunarjo is an ethnic Chinese, native and citizen of Indonesia, and a practicing Christian. Iman Mochamad, her husband and dependent respondent, is also a native and citizen of Indonesia. Sunarjo filed an application for asylum and withholding of removal less than one year after her arrival in the United States. Her application was not based on any allegations of past persecution in Indonesia, but on her fear of future persecution based on a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. The Immigration Judge ("IJ") denied relief because the record did not support a pattern or practice finding. AR 31. In conducting a de novo review of the dispositive legal issues on appeal, the BIA concluded that the IJ correctly found that Sunarjo failed to meet her burden of proof for asylum and withholding of removal because she had not established a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. AR 2. The BIA found that the IJ had correctly applied Lie v. Ashcroft, 396 F.3d 530, 537-38 (3d Cir. 2005), and Matter of A-M, 23 I&N Dec. 737, 741-42 (BIA 2005), in reaching its conclusion that no pattern or practice was established by the record in this case. AR 3. The BIA also affirmed the IJ's decision to deny Sunarjo's motion for a continuance to obtain the testimony of a recently-discovered expert witness, finding that Sunarjo had failed to demonstrate "good cause" for the continuance or show that her hearing was in any way unfair. Id.

Sunarjo filed a timely petition for review arguing (1) that the Board erred in

2

affirming the IJ's denial of her motion for a continuance, and (2) that the Board erred in finding that she had not met her burden of proving that she and her husband face a reasonable possibility of persecution in Indonesia. The Government moved for summary affirmance of the BIA's decision.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than the IJ's. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we look to the decision of the IJ to the extent that the BIA defers to or adopts the IJ's reasoning. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006).

We have jurisdiction to review an IJ's decision to deny a continuance, and do so for abuse of discretion. Hashmi v. Att'y Gen., 531 F.3d 256, 259 (3d Cir. 2008). We review agency factual determinations for substantial evidence. Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008). The Board's conclusions regarding evidence of the well-founded fear of future persecution are findings of fact. Id. We will uphold such determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005) (internal citations omitted). Where an appeal presents no substantial question, we may take summary action. See Third Circuit LAR 27.4.

## III.

We first consider Sunarjo's claim that the BIA incorrectly determined that the

record evidence did not establish a pattern or practice of persecution against Chinese Christians in Indonesia. In order to show a fear of future persecution the applicant must show a well-founded subjective fear, "supported by objective evidence that persecution is a reasonable possibility." Chang v. INS, 119 F.3d 1055, 1066 (3d Cir. 1997). The objective prong is satisfied either by showing that the applicant would be individually singled out for persecution, or that "'there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006) (quoting 8 C.F.R. 208.13(b)(2)(iii)(A)). To constitute a "pattern or practice," the persecution of the group must be "systemic, pervasive, or organized." Wong v. Att'y Gen., 539 F.3d 225, 233 (3d Cir. 2008). In addition, the acts of persecution must be committed by the government or forces the government is either unable or unwilling to control. Sukwanputra, 434 F.3d at 637. The question of whether a pattern or practice exists is a question of fact that must be determined based on the individual record before the court. Id. at n.10 (emphasizing that a pattern or practice finding was not foreclosed by previous holding because that case had relied on different country conditions evidence).

Sunarjo's claim is not that she would be singled out for persecution upon return to Indonesia, but that there is a "pattern or practice" of discrimination against ethnic Chinese Christians like herself. In rejecting Sunarjo's pattern or practice claim, the BIA found that the country conditions report in evidence did not establish "systemic, pervasive, or

4

organized persecution" of ethnic Chinese in Indonesia, and concluded that although "the door is still open for a finding of pattern or practice" in future cases, "we are not persuaded that such has been shown here." AR 3. The BIA's findings are supported by substantial evidence. Sunarjo has not distinguished her argument, or the record it is built on, from similar claims that we have rejected in the past. See Wong, 539 F.3d at 233-34 (rejecting as "without merit" the contention that "the [2003 and 2004] State Department reports and other background materials document a pattern or practice of persecution of Chinese Christians in Indonesia"); Lie v. Ashcroft, 396 F.3d 530, 537-58 (3d Cir. 2005) (finding that the 1999 Country Report indicated a sharp decline in violence against Chinese Christians in Indonesia and that the evidence of violence submitted was not sufficiently widespread as to constitute a pattern or practice). Although Sunarjo relied on the State Department Country Report for 2007 (released May 8, 2008), our most recent decisions have noted that the reports from 2005 to 2007 document a trend toward "similar or improved" treatment for Chinese Christians. See, e.g., Wong, 539 F.3d at 233-34. As such, we find no error in the BIA's conclusion that the record in this case was insufficient to support a finding of a pattern or practice of persecution.

We next consider Sunarjo's claim that the Board erred in concluding that the IJ did not violate her right to due process when he denied her motion for a continuance. Sunarjo argues that the IJ should have allowed her to introduce evidence concerning recent developments in Indonesia because it relied exclusively on precedent in rejecting her pattern or practice claims. We disagree.

5

An IJ may "grant a motion for continuance for good cause shown." 8 C.F.R. 1003.29. We review an IJ's decision to deny a motion for a continuance for abuse of discretion, and will reverse only if the IJ's decision is arbitrary, irrational or contrary to law. Hashmi, 531 F.3d at 259. An immigration judge may properly consider the merits of the underlying application for relief when deciding whether to deny a continuance. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003) (considering merits of asylum claim in deciding to allow case to proceed without counsel).

In his oral decision, the IJ concluded that Sunarjo's pattern or practice claim was without merit, and denied the motion for a continuance because he was not convinced that additional evidence would have been probative:

> Although respondent has, on a timely basis, sought a continuance today to try to get another expert that she has identified who she believes might indeed conclude that there is a pattern or practice of persecuting Chinese Christians in Indonesia, even if such a conclusion were reached, based upon the facts on this record . . . this Court concludes that the organized, systemic, or pervasive standard has not been met, given the current analysis and implementation of that standard by the precedents that currently bind this Court.

AR 66-67. The IJ did not rely solely on case precedent in making this determination, but "considered all the evidence in the record," which included an affidavit from expert Dr. Jeffrey Winters, a professor with decades of research experience in Southeast Asia and Indonesia, an affidavit from the Deputy Director for Government Relations at the International Rescue Committee, articles and communications reflecting evolving country conditions in Indonesia, as well as the most recent Country Report on

6

Human Rights Practices for Indonesia, released by the Bureau of Democracy, Human Rights and Labor of the Department of State on March 11, 2008. AR 57-58, 67. While due process requires that Sunarjo be given a "reasonable opportunity to present evidence on [her] behalf," Adbulrahman v. Ashcroft, 330 F.3d 587, 596 (3d Cir. 2003) (citations omitted), it does not require an IJ to permit unlimited additions to the record if he determines they would be cumulative or fruitless. See Jarbough v. Att'y Gen., 483 F.3d 184, 192 (3d Cir. 2007) (denying continuance to secure expert testimony did not violate due process where record contained an article by the same expert and there was no evidence that his in-court testimony would be materially different); Morgan v. Att'y Gen., 432 F.3d 226, 235 (3d Cir. 2005) (finding no due process violation where alien could not demonstrate how additional evidence obtained during continuance would have impacted the outcome of her case).

We agree with the BIA that the record does not reflect a due process violation or that the hearings were conducted in a fundamentally unfair manner. Furthermore, substantial evidence supports the BIA's conclusion that Sunarjo failed to show "good cause" for a continuance. Not only had other expert evidence regarding the treatment of ethnic Chinese Christians already been placed in the record, but Sunarjo failed to demonstrate that the proffered expert testimony would have affected the outcome of the case. Under the facts and circumstances presented here, the IJ's decision was not arbitrary, irrational, or contrary to law, and the Board did not err in upholding it. See Hashmi, 531 F.3d at 259; Ponce-Leiva, 331 F.3d at 377.

Accordingly, Sunarjo's petition for review does not raise a substantial question on appeal. We will therefore grant the Government's motion for summary affirmance and deny the petition for review. <u>See</u> Third Circuit LAR 27.4; I.O.P. 10.6.