**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2348
_____

MARCELO ADRIANO BATISTA-IZAIAS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A074-165-264)
Immigration Judge: Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2010

Before:  BARRY, JORDAN AND GARTH,  Circuit Judges

(Opinion filed: December 16, 2010)
_____

OPINION
_____


PER CURIAM

        Marcela Adriano Batista-Izaias ("Batista") petitions for review of the Board

of Immigration Appeals' final order of removal.  For the reasons that follow, we will

deny the petition for review.

1

Batista, a native and citizen of Brazil, became a lawful permanent resident on December 1, 1995. On June 23, 2000, he was convicted of possession of cocaine, in violation of N.J. Stat. Ann. § 2C:35-10A1, pursuant to his plea of guilty in the New Jersey Superior Court, Bergen County. Batista received 18 months' probation for this third degree possession offense. On May 12, 2009, Batista was served with a Notice to Appear, charging that he was removable under Immigration & Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance offense. Batista eventually conceded the charge after being confronted with his conviction record.

Batista asked for a continuance to allow him to pursue a state post-conviction petition, insofar as it appeared that he was ineligible for any form of immigration relief.[1] At a hearing on August 19, 2009, counsel for Batista explained to the IJ that the state supreme court had recently held (on July 27, 2009) that trial counsel's conduct in providing false or misleading information concerning the deportation consequences of a noncitizen-defendant's guilty plea constituted ineffective assistance under the state constitution. State v. Nunez-Valdez, 975 A.2d 418, 426-27 (N.J. 2009).[2]

---

[1] It appears that Batista did not apply for cancellation of removal, INA § 240A(a), 8 U.S.C. § 1229b(a), because he could not meet the five-year residency requirement. The INA's "stop-time" rule, 8 U.S.C. § 1229b(d)(1), terminated his accrual of residence on February 4, 2000 due to his having committed a controlled substance violation. See Respondent's Brief, at 9-10 n.3; A.R. 83.

[2] Similarly, on March 31, 2010, the United States Supreme Court held in Padilla v. Kentucky, 130 S. Ct. 1473 (U.S. 2010), that counsel's conduct falls below an objective standard of reasonableness when he or she fails to advise a noncitizen defendant about a mandatory deportation. Padilla pleaded guilty to the transportation of a large amount of

Counsel indicated that in moving to invalidate his conviction, Batista would rely on Nunez-Valdez. The request was granted by the Immigration Judge and proceedings were continued. A.R. 72.

Meanwhile, Batista moved, through separate counsel, for post-conviction relief in the New Jersey Superior Court pursuant to Court Rule 3:22-1, alleging that his plea was unknowing and involuntary because he was not advised by counsel of the removal consequences of his May 10, 2000 guilty plea. In December 2009, the Superior Court denied his petition without an evidentiary hearing. Batista then asked for another continuance in Immigration Court in order to pursue an appeal to the Appellate Division of the New Jersey Superior Court. On December 16, 2009, the Immigration Judge denied the request. The Government had objected to any further continuances, and the IJ concluded that Batista could not show good cause for another continuance because success on appeal was speculative. Insofar as it did not appear that Batista was eligible for any form of immigration relief, the IJ ordered his removal to Brazil.

Batista appealed, through his immigration counsel, to the Board of Immigration Appeals. In the brief on appeal, counsel asserted that Batista had appealed the order denying him post-conviction relief and the appeal was pending in the Appellate Division. On April 15, 2010, the Board dismissed the appeal. The Board concluded that the IJ had not abused her discretion in denying an additional continuance and that Batista had received a full and fair hearing. Moreover, under Board precedent, the availability of

marijuana in his tractor-trailer in Kentucky, and his crime, the Supreme Court observed, "like virtually every drug offense except for only the most insignificant marijuana offenses, is a deportable offense under 8 U.S.C. § 1227(a)(2)(B)(i)." See id. at 1477 n.1.

3

post-conviction remedies does not affect the finality of an alien's conviction for immigration purposes. Batista has now filed a pro se petition for review.

We will deny the petition for review. As a general matter, we lack jurisdiction over a petition for review where the alien, like Batista, has been convicted of a controlled substance offense and does not raise a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(C), (D). Batista has failed to address any such issues in the body of his Informal Brief. He simply checked "yes" or "no" in response to the questions in the pre-printed brief, and did not provide any explanation or argument other than one-word responses.

Attached as an Appendix to his Informal Brief are two Board decisions, Matter of L-G-, 21 I. & N. Dec. 89 (BIA 1995), and Matter of Davis, 20 I. & N. Dec. 536 (BIA 1992), which address whether simple possession of cocaine is an aggravated felony under INA § 101(a)(43).[3] Even if we were to assume that, by attaching these decisions, Batista intended to challenge the legal basis for his removal, such an argument would not provide us with a basis for vacating the final order of removal. The Notice to Appear charged that Batista was removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance offense. It did not charge that he was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), on the basis of an aggravated felony as defined by INA §

_____

[3] The Government has asked us to strike these decisions from Batista's Appendix, a request we will deny.

4

101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B) (drug trafficking crime). There can be no doubt that possession of cocaine is a controlled substance violation.

We have jurisdiction to review the denial of an alien's request for a continuance. Khan v. Att'y Gen. of U.S., 448 F.3d 226, 233 (3d Cir. 2006) (holding that because IJ's authority to rule on continuance motion is not specified under 8 U.S.C. §§ 1151-1378 to be in the discretion of the Attorney General, § 1252(a)(2)(B)(ii) does not deprive court of appeals of jurisdiction). An IJ may "grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review an IJ's decision to deny a continuance for abuse of discretion, see Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003), meaning that we will reverse it only if it is arbitrary, irrational or contrary to law, see Hashmi v. Att'y Gen. of U.S., 531 F.3d 256, 259 (3d Cir. 2008). In Ponce-Leiva, we held that there are no bright-line rules for resolving whether the denial of a continuance constitutes an abuse of discretion; the issue "must be resolved on a case by case basis according to the facts and circumstances of each case." 331 F.3d at 377 (quoting Baires v. Immigration & Naturalization Serv., 856 F.2d 89, 91 (9th Cir. 1988)). Relevant considerations may include the nature of the evidence presented and its importance to the alien's claim and the number of continuances already granted. Hashmi, 531 F.3d at 259-61; Baires, 856 F.2d at 91.

Batista has failed to address any issues in the body of his Informal Brief with respect to the denial of the continuance. In Paredes v. Att'y Gen. of U.S., 528 F.3d 196 (3d Cir. 2008), we considered the issue of whether the pendency of post-conviction motions or other forms of collateral attack negates the finality of convictions for

5

immigration removal purposes. We concluded that "such pendency does not vitiate finality, unless and until the convictions are overturned as a result of the collateral motions." Id. at 198-99. Batista's post-conviction petition was denied. In it he made the specific arguments that trial counsel had provided false and misleading information concerning the mandatory deportation consequences of his guilty plea and that he was prejudiced, and he asserted that trial counsel told him that, because he was a lawful permanent resident, he would not be subject to mandatory deportation. A.R. 99-100. Because Batista was unsuccessful in getting his conviction overturned, denial of any further continuances was a reasonable exercise of the IJ's discretion.

Although Batista asserted in his brief on appeal to the Board that the order denying post-conviction relief had been appealed to the Appellate Division of the Superior Court, A.R. 10, he does not assert in his Informal Brief that his appeal has been successful or that his conviction is no longer valid. Should his appeal prove successful, and should his conviction be invalidated, Batista may move to reopen proceedings before the Board of Immigration Appeals. See 8 C.F.R. § 1003.2(a) (Board may at any time reopen on its own motion); (c)(1) (motion shall state new facts that will be proven and be supported by evidentiary material); (c)(3)(iii) (time limitation shall not apply to motion which is agreed upon by all parties and jointly filed).

For the foregoing reasons, we will deny the petition for review. The Respondent's motion for leave to file the answering brief electronically out-of-time is granted.

6