-                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2459
_____

ILIR HOXHA; FJORALBA HOXHA; BRENDA HOXHA,
                                                    Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A079-433-629, A079-433-630, & A079-433-631)
Immigration Judge:  Honorable Michael W. Straus
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2011
Before:  SLOVITER, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>
Opinion filed: May 4, 2011
_____

OPINION
_____

PER CURIAM.

Lead petitioner Ilir Hoxha, along with his wife and daughter, petition for

review of the Board of Immigration Appeals' ("BIA") April 30, 2010 decision dismissing

their appeal from the Immigration Judge's ("IJ") decision denying a continuance in their

1

asylum-only proceedings. For the reasons that follow, we will deny the petition.

## I.

Petitioners are natives and citizens of Albania. In January 2002, they entered the United States with fraudulent passports and sought admission under the Visa Waiver Program ("VWP").[1] When their admission was denied, they requested asylum and were placed in asylum-only proceedings.

At the first master calendar hearing, held on September 5, 2002, Petitioners' attorney, John Manos, informed the presiding IJ, the Honorable Donald V. Ferlise that the asylum application had yet to be completed. As a result, IJ Ferlise continued the case and instructed Petitioners to submit their application at the next master calendar hearing, which was set for January 16, 2003. At the January 16, 2003 hearing, Mr. Hoxha filed an application for asylum, withholding of removal, and relief under the Convention Against Torture — listing his wife and daughter as derivatives — and IJ Ferlise scheduled Petitioners' merits hearing for April 13, 2004.

On March 26, 2004, attorney Andre Michniak entered his appearance on Petitioners' behalf and moved for a continuance, stating that Manos had "retired from

_____

[1] Under the VWP, aliens from designated countries are allowed to visit the United States for ninety days or less without a visa. See 8 U.S.C. § 1187(a). Aliens who request admission under the VWP agree to waive any challenge to their removal; however, they may still seek asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Shehu v. Att'y Gen. of the U.S., 482 F.3d 652, 655 (3d Cir. 2007) (citing 8 U.S.C. § 1187(b)). VWP applicants who request asylum, withholding of removal, and/or CAT relief are placed in "asylum-only" proceedings. Shehu, 482 F.3d at 655.

private practice" and transferred the Petitioners' case to him only a few days earlier. (See Admin. R. at 359.) The IJ granted the motion and continued Petitioners' merits hearing to December 6, 2005. Four days before this rescheduled hearing date, Michniak moved to withdraw as Petitioners' counsel, averring that Mr. Hoxha had, inter alia, "recently made statements to Counsel which make it impossible for Counsel to continue with his representation." (Id. at 335.) The IJ denied the motion.

Both Michniak and another attorney, Marco Pignone, III, appeared with Petitioners at the December 6, 2005 hearing.[2] Michniak reiterated his request to withdraw — he alluded to an unspecified ethical concern — and informed the presiding IJ, the Honorable Michael W. Straus that Petitioners had retained Pignone the night before to represent them. When IJ Straus asked Pignone if he was ready to proceed, Pignone requested another continuance. The IJ denied this request, stating that "[t]here has already been a lengthy continuance in this case so whatever attorney it is we need to go forward today." (Id. at 126.) The IJ subsequently asked Mr. Hoxha, "[W]ho do you want to represent you today?" (Id. at 131.) Mr. Hoxha elected to proceed with Pignone. The IJ then granted Michniak's motion to withdraw and afforded Pignone fifteen minutes to confer with Mr. Hoxha. When the hearing resumed, the IJ proceeded to hear Mr. Hoxha's testimony (the other two petitioners did not testify), which centered on allegations that he had suffered persecution on account of his membership in Albania's

---

[2] Although the transcript of the merits hearing bears a date of November 22, 2005, the parties submit, and the record otherwise reflects, that this hearing indeed took place on December 6, 2005.

3

Democratic Party.

At the end of the hearing, the IJ denied Petitioners' application. The IJ concluded that Mr. Hoxha's testimony lacked credibility, and that, even if the testimony had been credible, he had failed to establish past persecution. The IJ further concluded that, in light of the adverse credibility determination and the background evidence on Albania, Mr. Hoxha had failed to establish a well-founded fear of future persecution. Because the IJ determined that Mr. Hoxha had failed to satisfy the standard for asylum, the IJ held that he could not satisfy the higher standard for withholding of removal. The IJ also concluded that Mr. Hoxha had failed to show that he would likely be tortured upon returning to Albania.

Petitioners appealed the IJ's decision to the BIA. The notice of appeal identified four arguments, one of which was that the IJ had erred in denying Petitioners' motion for a continuance. Petitioners' brief, however, addressed only the IJ's denial of asylum and withholding of removal. On May 30, 2007, the BIA dismissed the appeal. In doing so, the BIA addressed only the IJ's adverse credibility determination, concluding that it was "amply supported by the record." (See id. at 75-76.)

Petitioners then petitioned this Court to review the BIA's decision. That petition did not challenge the BIA's decision upholding the IJ's denial of asylum and withholding of removal; rather, it argued only that the IJ had erred in denying the motion for a continuance. On March 2, 2009, we held that Petitioners had exhausted this argument before the BIA by clearly identifying it in their notice of appeal. See Hoxha v.

4

Holder, 559 F.3d 157, 163 (3d Cir. 2009). Because the BIA had not addressed this argument in its decision, we remanded the case so that the BIA could do so. See id. at 163-64.

On remand, the BIA issued a decision on October 15, 2009, rejecting Petitioners' continuance claim. The BIA concluded that Petitioners had "failed to articulate how the denial of [their] request for a continuance caused [them] actual prejudice and harm and/or materially affected the outcome of [their] application." (Admin. R. at 46.) Petitioners did not petition this Court to review that BIA decision. Instead, they moved to reopen the proceedings before the BIA. They claimed that, although they had submitted a brief to the BIA before it had issued its October 15, 2009 decision, that brief had not been made part of the administrative record and, thus, had not been considered by the BIA in rendering its decision.

On April 30, 2010, the BIA, exercising its sua sponte authority, reopened Petitioners case to consider the arguments in the aforementioned brief. The BIA concluded that, even in light of these new arguments, Petitioners' continuance claim still failed. Petitioners now seek review of this most recent BIA decision.[3]

**II.**

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. In this case, the BIA, in its April 30, 2010 decision, concluded that the

_____

[3] We note that the instant petition mistakenly refers to the BIA's April 30, 2010 decision as having been entered on May 30, 2010.

5

IJ's denial of Petitioners' motion for a continuance was supported by the record, highlighting that (1) the IJ had previously granted Petitioners several continuances, (2) the IJ afforded Petitioners "ample opportunity" to present their claim during the December 6, 2005 hearing, and (3) Petitioners had failed to show that they were prejudiced by the denial of a continuance. (See Admin. R. at 3.) We have jurisdiction to review this BIA decision, and do so under an abuse of discretion standard. See Hashmi v. Att'y Gen. of the U.S., 531 F.3d 256, 259 (3d Cir. 2008). Under this deferential standard of review, we may not disturb the BIA's decision unless it is "arbitrary, irrational or contrary to law." See id. "The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003) (quotation marks and citation omitted).

Petitioners argue that the BIA erred in concluding that they were not prejudiced by the IJ's denial of their motion for a continuance. They contend that, as a result of the IJ's denial, Pignone had inadequate time to prepare for the merits hearing, which in turns affected the "quality" of Mr. Hoxha's testimony. This argument is unavailing. Aside from suggesting that Mr. Hoxha would have correctly testified as to where and when he was married, Petitioners fail to identify any testimony that would have been different had the IJ granted a continuance. Moreover, Petitioners do not show how Mr. Hoxha's ability to correctly recall the location and date of his wedding would

6

have caused the IJ to find his testimony credible, let alone find past persecution or a well-founded fear of future persecution. Although Petitioners allege that IJ Straus, who apparently was filling in for IJ Ferlise, denied their motion for a continuance in part to reign in IJ Ferlise's "expanding" docket, we agree with the BIA that this allegation is "purely speculative with no basis in fact." (See Admin. R. at 3.)

We have considered Petitioners remaining arguments and conclude that they lack merit.[4] Accordingly, and in light of the above, we hold that Petitioners have failed to establish that the BIA erred in upholding the IJ's denial of their motion for a continuance. As a result, we will deny the petition for review.[5]

---

[4] Although Petitioners seek to challenge the IJ's denial of their asylum application, that decision is not properly before us. We note that Petitioners could have raised this challenge when they petitioned this Court to review the BIA's May 30, 2007 decision; however, they elected not to do so. See Hoxha, 559 F.3d at 158; see also Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted).

[5] Petitioners have filed a "Motion to Correct Administrative Record," requesting that the Government's non-opposition to their motion to reopen the proceedings before the BIA be included in the administrative record. Because the Government's non-opposition to Petitioners' motion to reopen does not impact our analysis here — we note that the Government, in that same document, made clear that its non-opposition to the motion to reopen "does not constitute a non-opposition to [Petitioners'] applications for relief" — we will deny the instant motion.

7