**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2740

_____

MANINDER SINGH,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Andrew R. Arthur
(No. A095-584-628)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2011

Before: BARRY, AMBRO, and VAN ANTWERPEN, *Circuit Judges*

(Filed:  June 24, 2011)

_____

OPINION OF THE COURT

_____

VAN ANTWERPEN, *Circuit Judge*.

       This is a petition by Maninder Singh ("Singh") for review of an order of the Board

of Immigration Appeals ("BIA") denying him asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Singh, who is a Sikh, seeks

relief based on this affiliation.  Because substantial evidence shows that country

conditions in India are now more hospitable to Sikhs, Singh lacks a well-founded fear of future persecution in India.  Accordingly, we will deny the petition.

## I.

Petitioner Singh is a native and citizen of India.  On February 24, 2002, he entered the United States through Buffalo, New York without admission or parole.  He filed an asylum application on June 28, 2002.  Subsequently, on October 26, 2006, the Department of Homeland Security filed a Notice to Appear ("NTA").  The NTA charged Singh with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(I) as an alien in the United States without authorization.  On April 9, 2008, at a calendar hearing, Singh admitted the factual allegations in the NTA and conceded removability.  On July 10, 2009, Singh requested relief from removal by seeking asylum, withholding of removal, and CAT protection.

A merits hearing was held in immigration court on January 21, 2010.  Singh testified that he suffered persecution in India because of his Sikh religion and his membership in the All Indian Sikh Student Federation ("AISSF").  Singh testified that on June 4, 1999, he attended a rally with his father, a member of another Sikh political group, Shiromani Akali Dal Amritsar.  After the rally, Singh testified that police arrested him, beat him with sticks, took him to the police station, and forced him to run barefoot in the sun until he became unconscious.  Additionally, Singh testified that on March 15, 2001, he attended a political meeting and assisted transporting others.  After the meeting, police arrested him, beat him, and interrogated him as to his father's whereabouts.  Singh claimed he received hospital treatment after this detention.  Following this incident, in

2

early 2002, Singh fled to the United States to avoid further persecution due to his Sikh affiliation. Singh maintains the police in India continue to search for him.

In response to Singh's testimony, the Government submitted background information regarding current political conditions in India, including an April 2008 Department of State Issue Paper ("Issue Paper") and Department of State Responses ("Responses") concerning current country conditions relating to Sikhs. The Issue Paper notes that current conditions in India have become more hospitable to Sikhs, adding that the current prime minister and other high-ranking officials are Sikh. The Responses state that persecutions of Sikhs participating in AISSF and Shiromani Akali Dal Amritsar, are "no longer a problem." *Appx*. at 262. The Responses additionally classify the Akali Dal as a "moderate regional political party rather than a radical Sikh movement." *Id*. Finally, the Responses conclude "[i]t is safe to assume that Sikhs claiming political asylum are not legitimate, but are rather attempting to use the asylum process to establish residency in the United States." *Id*. at 263.

On January 25, 2010, the IJ denied Singh's requests for relief and ordered him removed. The IJ found Singh not credible because Singh's testimony was vague and inconsistent with record information relating to country conditions. The IJ also cited a lack of corroborative evidence in the record, especially the lack of newspaper accounts related to the rallies Singh allegedly attended. The IJ also found that even assuming Singh was credible and had been persecuted in the past, Singh lacked a well-founded fear of future persecution due to changed country conditions in India. Finally, the IJ denied Singh's withholding of removal and CAT claims.

3

Singh appealed. The BIA dismissed the appeal on May 28, 2010. The BIA agreed with the IJ's determination that Singh was not credible because his testimony was inconsistent with background information and lacked corroboration. Finally, the BIA noted that even if Singh could demonstrate past persecution, the Government had rebutted any presumption of future persecution with background evidence showing changed country conditions in India. Singh now petitions for review of the BIA's decision.

**II.**

We have jurisdiction over this final order of removal pursuant to 8 U.S.C. § 1252(a). "Where, as here, the BIA adopts and affirms the decision of the IJ, as well as provides its own reasoning for its decision, the Court reviews both the decisions of the IJ and the BIA." *Hashmi v. Att'y Gen. of the United States*, 531 F.3d 256, 259 (3d Cir. 2008). "We review the Agency's findings of fact – such as the IJ's credibility determinations, his findings on the CAT claim, and his findings regarding changed country conditions – under 8 U.S.C. § 1252(b)(4)(B), which provides that „administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.‟" *Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004). We have read 8 U.S.C. § 1252(b)(4)(B) to require "substantial evidence" review. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (*en banc*). Therefore, exercising "substantial evidence" review, we must uphold administrative findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

4

## III.

The Attorney General has discretionary authority to grant asylum to a removable alien, but may exercise that discretion only if the alien is a "refugee." 8 U.S.C. § 1158(b). A refugee is a "person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecution or because of a well-founded fear of future persecution on account of . . . race, religion, nationality, membership in a particular social group, or political opinion." *Sheriff v. Att'y Gen. of the United States*, 587 F.3d 584, 589 (3d Cir. 2009) (internal quotation marks omitted). The applicant bears the initial burden of proving refugee status. *Shardar v. Att'y Gen. of the United States*, 503 F.3d 308, 312 (3d Cir. 2007). "An applicant who offers credible testimony regarding past persecution is presumed to have a well-founded fear of future persecution." *Ghebrehiwot v. Att'y Gen. of the United States*, 467 F.3d 344, 351 (3d Cir. 2006) (citing *Berishaj*, 378 F.3d at 323). A well-founded fear of future persecution has two prongs: (1) a subjectively genuine fear of persecution and (2) an objectively reasonable possibility of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). "The subjective prong requires a showing that the fear is genuine." *Ghebrehiwot*, 467 F.3d at 351. "To satisfy the objective prong, a petitioner must show he or she would be individually singled out for persecution or demonstrate that „there is a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sukwanputra v. Gonzales,* 434 F.3d 627, 637 (3d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)). To reach the level of a

"pattern or practice," we have required that "the persecution of the group must be systematic, pervasive, or organized." *Id*. Additionally, "the acts must be committed by the government or forces the government is either unable or unwilling to control." *Id*.

An applicant's credible testimony alone is sufficient to establish past persecution. 8 C.F.R. § 1208.13(a). Once the applicant establishes past persecution, he "shall be presumed to have a well-founded fear of persecution on the basis of the original claim." *Sheriff*, 587 F.3d at 589. However, the Government can rebut the presumption of future persecution by establishing – by a preponderance of the evidence – that conditions in the alien's country have changed so as to make his fear no longer reasonable. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003). "'The burden of proof in a changed-country-conditions rebuttal is on the government.'" *Sheriff*, 587 F.3d at 590 (quoting *Berishaj*, 378 F.3d at 327)).

Here, we assume Singh's testimony relating to his past persecution was credible.[1] Nevertheless, we will deny Singh's asylum petition because there is substantial evidence to support the conclusion that he lacks a well-founded fear of future persecution due to changed country conditions in India.

Singh's testimony regarding past persecution gave rise to a rebuttable presumption of a well-founded fear of future persecution. *See Mulanga*, 349 F.3d at 132. The

---

[1]     The IJ and the BIA determined that Singh was not credible. *Appx.* at 4, 115. We need not review the credibility determination because even if Singh was credible, we would still deny his petition. Substantial evidence supports the IJ's and BIA's decisions that Singh lacks a well-founded fear of future persecution in India. *See Kayembe v. Ashcroft*, 334 F.3d 231, 235 (3d Cir. 2003) ("If the BIA's decision can be found to be supported by substantial evidence, even if [Petitioner's] testimony is credible, then the absence of a finding on credibility is not significant to the disposition of the case.").

6

Government successfully rebutted this presumption by showing, by a preponderance of the evidence, that Singh's fear of future persecution was unfounded due to changed country conditions. *See id*. Consistent with the IJ and BIA determinations, the Government submitted evidence of changed country conditions, thereby undermining Singh's contention that he would face future persecution upon return to India.

Substantial record evidence supports the conclusions of the IJ and BIA. The Government submitted two State Department reports, the Issue Paper and Responses. We have previously held that "State Department reports may constitute ,substantial evidence' for the purposes of reviewing immigration decisions." *Ambartsoumian v. Ashcroft*, 388 F.3d 85, 89 (3d Cir. 2004) (quoting *Kayembe v. Ashcroft*, 334 F.3d 231, 235 (3d Cir. 2003)). Here, the Issue Paper specifically addressed the status of Sikhs within India. As discussed by the IJ and BIA, the Issue Paper notes that the Prime Minister of India is a Sikh and that the political party that targeted Singh is no longer in power. Additionally, the State Department Responses conclude that, regarding Sikhs in India, "[c]onditions have improved so dramatically that there have been no legitimate grounds for such asylum claims since the early to mid-1990s" and that "[i]t is safe to assume that Sikhs claiming political asylum are not legitimate, but are rather attempting to use the asylum process to establish residency in the United States . . . ." *Appx*. at 263. After considering the reports submitted by the Government, we think there is substantial evidence to support the conclusions of the IJ and BIA that Singh lacks a well-founded fear of future persecution. Accordingly, we will deny Singh's asylum claim.

Having determined Singh did not meet the threshold for asylum, we necessarily deny Singh's claim for withholding of removal, a type of relief with a higher standard than asylum. *See Ghebrehiwot*, 467 F.3d at 351 ("Because [the standard for withholding of removal] is higher than that governing eligibility for asylum, an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal.").

Finally, we will also deny Singh's claim for CAT protection. As defined in 8 C.F.R. § 1208.18(a), "torture" must occur "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." But as the IJ noted, Indian law prohibits torture, the Indian Central Bureau of Investigation is pursuing charges against police officials who previously tortured and killed Sikhs, and Sikhs no longer suffer persecution *per se*. *Appx*. at 119-21. Therefore, because the evidentiary record as a whole does not "compel" the conclusion that Singh is more likely than not to be tortured if removed to India, *Elias-Zacarias*, 502 U.S. at 481 n.1; *Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002), we will uphold the BIA's decision and deny Singh's CAT claim, *see Kibinda v. Att'y Gen. of the United States*, 477 F.3d 113, 123 (3d Cir. 2007).

## IV.

For these reasons, we will deny Singh's petition for review.

8