**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4555
_____

MANINDER SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-584-628)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2013

Before: RENDELL, CHAGARES and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 7, 2013)
_____

OPINION
_____


PER CURIAM

Maninder Singh petitions for review of the Board of Immigration Appeals's ("BIA") denial of his request to reopen his removal proceedings. For the reasons that follow, we will deny the petition.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. Singh, a native and citizen of India, entered the United States in 2002. Later that year, he filed an asylum application. In 2006, the Department of Homeland Security initiated removal proceedings against him, charging him with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for having entered the United States without being admitted or paroled. Singh conceded his removability and requested asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming that he had been persecuted in India on account of his Sikh religion, his membership in the All India Sikh Student Federation, and his actual or imputed political opinions.

In January 2010, the Immigration Judge ("IJ") denied Singh's requests for relief, citing several different grounds for that denial. After the BIA upheld the IJ's decision on appeal in May 2010, Singh filed a petition for review in this Court. In June 2011, we denied that petition. See Singh v. Att'y Gen., 433 F. App'x 63, 68 (3d Cir. 2011). In doing so, we concluded, inter alia, that substantial evidence supported the agency's determination that, due to changed country conditions in India, Singh lacked a well-founded fear of future persecution. Id. at 67.

2

In July 2012, Singh filed a motion with the BIA, requesting both reopening of his removal proceedings and reconsideration of the BIA's decision. Singh, principally relying on affidavits from family members living in India, alleged that, in June 2010, December 2010, and March 2012, respectively, police officers in India went to his family's home looking for him. On the first such occasion, the officers allegedly threatened that if they found him they would kill him. On the second and third occasions, they allegedly arrested Singh's father, beat him, and released him only after receiving a bribe.

In November 2012, the BIA denied Singh's motion. The BIA concluded that, because Singh "ha[d] not submitted any objective evidence to establish the context for his claim that he would be subjected to persecution as a Sikh in India," he had "failed to meet the heavy burden of demonstrating that the new evidence proffered with the motion would likely change the result in this case." (J.A. at 3 (citing Matter of Coelho, 20 I. & N. Dec. 464 (BIA 1992).) The BIA also concluded that sua sponte reopening was not warranted, and that Singh's request for reconsideration of its prior decision was untimely.

Singh now petitions for review of the BIA's November 2012 decision.

II.

Our review here is limited, for Singh has waived any challenge to the BIA's denial of sua sponte reopening and the BIA's denial of his request for reconsideration of its prior decision. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue will not suffice to

3

bring that issue before this court.") (internal quotation marks and citation omitted).[1] We have jurisdiction to review the remaining part of the BIA's November 2012 decision — its denial of Singh's request for reopening — pursuant to 8 U.S.C. § 1252(a)(1). We review that denial for abuse of discretion, see Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007), and may not disturb it unless it is "arbitrary, irrational, or contrary to law." Id. (quotation marks and citation omitted).

Having carefully reviewed the record, we cannot conclude that the BIA abused its discretion in denying Singh's request to reopen. Although his family's alleged encounters with the police in India are troubling, it is unclear whether the police's alleged interest in Singh is on account of a ground protected under the Immigration and Nationality Act.[2] Indeed, none of the four affidavits from his family members makes clear why the police have allegedly been looking for him. Granted, the affidavit from his grandfather does briefly state, "I am sure that the police will kill him, because the police kills young [S]ikhs very quickly as soon as [it] find[s] them." (J.A. at 40.) But that averment appears to be nothing more than speculation, and it does not address why the police were allegedly looking for Singh on the three occasions in question. Accordingly, we find no error in the BIA's determination that Singh failed to "establish the context" for his claim that he would be persecuted in India on account of his being a Sikh, and that

---

[1] Even if Singh had not waived the issue of sua sponte reopening, we would still lack jurisdiction to consider it. See Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011).
[2] Although relief under the CAT is not contingent upon an alien's suffering torture on account of a particular ground, Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004), Singh has failed to demonstrate that the BIA abused its discretion by not reopening his removal proceedings to allow him to further pursue CAT relief.

he had not met his "heavy burden" of showing that his new evidence would likely change the result in his case.  See Coelho, 20 I. & N. Dec. at 472-73.

In light of the above, we will deny Singh's petition for review.[3]

---

[3] We have considered the various arguments raised in Singh's brief and conclude that none justifies disturbing the BIA's denial of reopening.