OPINION
PER CURIAM.
Petitioner Ntombifuthi Anacleda Sirayi seeks review of an order of the Board of Immigration Appeals dismissing her appeal from the Immigration Judge’s order denying her a continuance in her removal proceedings. Sirayi sought the continuance so a pending Form 1-130 adjustment of status application could be adjudicated. Because denial of the continuance was not an abuse of discretion, we will deny the petition for review.
I.
Sirayi is a citizen of South Africa. An au pair, she entered the United States on or about July 21, 2003, as a non-immigrant exchange visitor. Her J-l visa authorized her to stay and work in the United States for one year. Sirayi remained in the United States after her visa expired. In March 2005, she was served with a notice to appear in immigration court to defend charges that she was removable under 8 U.S.C. § 1227(a)(1)(C)(i).
On May 24, 2005, Sirayi married Nathan Murray, a United States citizen. Murray filed a relative visa petition (form I-130) on Sirayi’s behalf, while she filed an application to adjust her status (form I-485). *228 Sirayi informed the Immigration Judge of her adjustment of status application in November 2005, and two continuances were granted on that basis. On June 27, 2006, USCIS denied the petition, citing a lack of evidence of a bona fide marriage. In a notice sent to Sirayi’s address of record on May 16, 2006, USCIS informed her of its conclusion and provided her 30 days to submit rebuttal or evidence. Receiving no response, USCIS denied the application on June 27, 2006, and again mailed notice to the proper address. Sirayi and her husband both deny receiving the notice.
On July 20, 2006, Sirayi moved for a change of venue because she relocated to New Jersey. The motion was granted on July 25, 2006. In the new venue, Sirayi conceded her removability at a hearing. Apparently unaware that the form 1-130 was denied, Sirayi requested and was granted yet another continuance. Sometime after that hearing, Sirayi apparently became aware that the 1-130 was denied because on December 6, 2006, Murray filed a second relative petition.
At the next listing of her removal proceedings in February 2007, the government informed the Immigration Judge that the first 1-130 application was rejected, and Sirayi moved to continue the removal proceedings again to await the processing of the second petition. The Immigration Judge refused to grant a continuance on Sirayi’s requested ground, noting that the first 1-130 application, which was denied, was also filed by her husband. Nevertheless, the Immigration Judge continued the matter to April 12, 2007, so Sirayi could consider petitioning to have the first application reopened and so she could contemplate alternative forms of relief.
During the April 12, 2007 hearing, Si-rayi’s counsel informed the Immigration Judge that petitioning to reopen the first 1-130 application was impossible because the deadline to do so had passed. Accordingly, Sirayi requested yet another continuance so the second petition for adjustment of status could be adjudicated. This request was rejected; nevertheless, the matter was continued for one week, so counsel could again contemplate alternative forms of relief. At the final listing on April 19, 2007, Sirayi asked for voluntary departure, which was granted.
An appeal to the Board of Immigration Appeals (BIA) followed on May 11, 2007. On June 10, 2007, the second 1-130 application for adjustment of status was denied by the USCIS.[1] The BIA affirmed the Immigration Judge’s order without opinion in June 2008. This timely petition for review followed.
II.
We have jurisdiction to review the BIA’s final orders of removal pursuant to 8 U.S.C. § 1252(a). When the BIA affirms without an opinion, we review the immigration judge’s decision. Dia v. Ashcroft, 353 F.3d 228, 240 (3d Cir.2003) (en banc). We review an immigration judge’s decision to deny a request for a continuance for abuse of discretion. Hashmi v. Att’y. Gen., 531 F.3d 256, 259-60 (3d Cir.2008). Whether a denial of a continuance constitutes an abuse of discretion depends on the particular facts and circumstances of a case. See id. at 260; see also 8 C.F.R. 1003.29 (stating that an “[immigration Judge may grant a motion for a continuance for good cause shown.”).
In a prior case, Hashmi, we held that an immigration judge abused his discretion *229 when he denied a continuance to allow for the agency’s adjudication of an 1-130 application. There the denial rested on the immigration judge’s desire to manage his calendar efficiently; the IJ did not take into account the specific facts and circumstances of Hashmi’s case. Hashmi, 531 F.3d at 260-61. Here, in contrast, the Immigration Judge’s denial of a continuance rested on a realistic appraisal of Sirayi’s likelihood of benefitting from an I-130. See also id. at 260 (noting that Hashmi was eligible for status adjustment and simply waiting for the agency to process the I-130). Here, Sirayi’s first I-130 application had already been denied.
We upheld the denial of a continuance to allow for the adjudication of the alien’s wife’s application for a labor certification in Khan v. Attorney General, 448 F.3d 226, 235 (3d Cir.2006). We noted that in Khan’s situation, “any continuance would be indefinite” and that he offered “only the speculative possibility that at some point in the future” his wife might obtain the certification. Khan, 448 F.3d at 235.
In denying Sirayi her final continuance request, the Immigration Judge explained that Sirayi had:
already had an I-130 petition filed for her by her spouse and that petition was denied by the Government after consideration of that appeared to be its merits ... [T]he Court does not conclude that there is good cause to continue the case for adjudication of yet another I-130 petition filed by the same spouse. The respondent was given the opportunity to have an 1-130 petition adjudicated on her behalf by this spouse and that opportunity was not successful. If the court were to adopt respondent’s counsel’s viewpoint, the Court would become subject to an endless round of I-130 filings that would extend indefinitely into the future as long as respondent’s husband would be willing to file an I-130 after each successive I-130 would be denied by the Government.
(A.R. 10). The Immigration Judge also noted that she had previously granted Sirayi’s counsel time to see if the first I-130 petition could be re-opened, but Sirayi’s counsel, believing it was too late to re-open the denial of the first I-130 petition, chose to file a second petition instead. Id. These are reasonable observations by the Immigration Judge.
We conclude that Sirayi’s case is more analogous to Khan than Hashmi. The speculative nature of Khan’s wife’s application for a certificate of labor strikes us as similar to Sirayi’s speculative claim that the second I-130 might somehow result in an outcome different from the first.[2] Unlike Hashmi, who appeared to be eligible for adjustment of status, it reasonably appeared to the Immigration Judge that Si-rayi was ineligible for adjustment of status as a consequence of the first I-130 petition, which had not been re-opened. An alien like Sirayi who marries after removal proceedings have begun is statutorily ineligible for adjustment of status unless she establishes that the marriage is bona fide.[3] See 8 C.F.R. § 245.1(c); see also 8 C.F.R. § 245.1(c)(iii); 8 U.S.C. § 1255(e)(3). As the USCIS specifically rejected the couple’s first offer of proof prior to the immigration court’s ruling, Sirayi was not yet eligible for adjustment of status. We ean- *230 not conclude that the Immigration Judge abused her discretion in denying the continuance.
We will deny the petition for review.

. Murray filed a third 1-130 application on Sirayi’s behalf in July 2007, which the immigration judge did not have an occasion to consider.

. Of course, we know now that the second I-130 was also rejected by the USCIS.

. In its brief, the Government argues that Sirayi is now statutorily ineligible for a visa because she failed to comply with the Immigration Judge’s voluntary departure order. See government's brief, 22 & n. 10. At the time the Immigration Judge denied the continuance however, the voluntary departure order had not become effective.