**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 09-2582

MARIA CONTLA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
(BIA-1 : A078-705-742)
Immigration Judge:  Hon. Annie S. Garcy)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2010

BEFORE:  SMITH, FISHER and COWEN, Circuit Judges

(Filed: July 8, 2010)

OPINION

COWEN, Circuit Judge.

Maria Contla, a native and citizen of Mexico, petitions this Court to review the

decision of the Board of Immigration Appeals ("BIA") affirming the denial of Contla's

motion for a continuance by the Immigration Judge ("IJ").  We will grant Contla's

petition and remand the case for additional proceedings consistent with this opinion.

## I.    BACKGROUND

Contla entered this country in March 1991 without inspection.  She is the mother

of three minor children, all of whom are citizens of the United States.  On September 29,

2006, Contla received a Notice to Appear, charging her as removable for being present in

the United States without having been admitted or paroled, in violation of I.N.A.

§ 212(a)(6)(A)(i), and 8 U.S.C. § 1182(a)(6)(A)(i).  She filed a petition seeking

cancellation of removal under 8 U.S.C. § 1229b(b)(1), asserting that she had been

physically present in the United States for more than eighteen years and that her removal

would cause extreme hardship to her three minor children.[1]  Alternatively, Contla

petitioned for voluntary departure.

The IJ conducted an initial removal proceeding on June 19, 2007.  The IJ

adjourned the proceeding until April 24, 2008, to give Contla and her prior counsel the

opportunity to prepare their case.  The IJ ordered the parties to submit their evidence by

March 20, 2008.  In early 2008, Contla and her children moved several times until they

secured permanent housing.  On March 13, 2008, Contla visited the office of her prior

counsel to give him her new address and to inquire as to the evidence necessary for her

---

[1]    Contla's husband, also a citizen of Mexico who entered the United States without inspection, was granted voluntary departure.  He left the United States in June 2007 pursuant to that order and since that time Contla has raised her children as a single parent.

2

case.  At the conclusion of this meeting, it was her understanding that her attorney would update the IJ with her change of address and would contact Contla by mail to prepare for the forthcoming removal proceeding.  There was no further communication between Contla and her counsel before that proceeding.  Contla and her attorney failed to submit any evidence to the IJ by the March 20, 2008, deadline.

Contla and her counsel appeared before the IJ at the April 24, 2008, removal proceeding.  She brought one set of original documents to the proceeding.  Her attorney had not reviewed these documents before the hearing and neither she nor her attorney had the requisite three sets of copies.  Her attorney indicated that they missed the deadline due to a misunderstanding.  He stated that he attempted to call Contla but her telephone numbers were disconnected.  He also stated that he did not attempt to contact her by mail at her new address.  Her attorney requested a continuance to enable him to review the documents with her and to submit the requisite three sets.  The government opposed the request.

The IJ questioned Contla and her counsel as to why they failed to submit the evidence.  In issuing an oral decision, the IJ concluded that Contla was at fault for the delay because she failed to give her attorney her cellular telephone number and failed to contact her attorney when she did not hear from him by mail.  The IJ concluded that the misunderstanding between Contla and counsel did not constitute good cause as she caused the delay.  The IJ further indicated that granting the adjournment would be futile

because, despite Contla's request for time to meet with her attorney, the IJ believed that Contla's conduct demonstrated that she would not pursue any such meeting with her attorney. The IJ denied the request for adjournment. The IJ gave Contla the opportunity to testify in support of her petition for cancellation of removal. Contla, however, declined because she and her attorney had not had the opportunity to prepare. The IJ then denied her petition for failure to present any evidence, but granted her petition for voluntary departure.

The BIA affirmed the IJ in all respects, issuing its own opinion. The BIA explained that Contla failed to demonstrate good cause for the continuance and failed to meet her burden with respect to cancellation of removal.

## II.    DISCUSSION

When "the BIA adopts and affirms the decision of the IJ, as well as provides its own reasoning for its decision, [we] review[] both the decisions of the IJ and the BIA." *Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir. 2008). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. "This Court has jurisdiction to review an IJ's decision to deny a continuance, and does so for abuse of discretion." *Hashmi*, 531 F.3d at 259. "[T]he question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Id*. at 259-60 (quoting *Ponce-Leiva*

4

*v.Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003).

We conclude that the IJ abused its discretion in denying Contla's motion for continuance. The record suggests that the delay in submitting evidence in support of the petition for cancellation of removal is due to a misunderstanding between Contla and her prior counsel, which is likely due to a language barrier. The request for a brief continuance, Contla's first, was not unreasonable. At the time of the request, Contla's case had been pending for less than one year. A brief adjournment would not have prejudiced the government. Moreover, adjournment would not have been futile. The record suggests that Contla is *prima facie* eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). She has lived in this country for over eighteen years, has no criminal record, and is the sole financial support for her three minor children who are citizens of the United States. Contla's petition could have been resolved on its merits with little delay. It was an abuse of discretion to deny a brief continuance under these circumstances.[2]

## III.   CONCLUSION

We will grant Contla's petition and remand the case for additional proceedings consistent with this opinion.

---

[2]    Because we will grant Contla's petition on the ground that the IJ abused its discretion in denying her request for a continuance, we decline to address her due process challenge. We express no opinion concerning the ultimate resolution of this matter.

5