**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1410
_____

BHIKHABHAI S. PATEL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-680-340)
Immigration Judge:  Honorable Steven Morley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2013
Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  July 10, 2013)
_____

OPINION
_____

PER CURIAM

Bhikhabhai Patel seeks review of a final order of the Board of Immigration

Appeals ("BIA").  For the following reasons, we will deny the petition for review.

Patel, a citizen of India, arrived in the United States sometime in 2002 or 2003. In 2010, removal proceedings were initiated against him pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. In September 2011, Patel, through counsel, conceded to the Immigration Judge ("IJ") that he was removable and not eligible for cancellation, adjustment of status, or asylum. However, he moved for a continuance based on a June 2011 policy memorandum by ICE Director John Morton ("Morton Memo"), which provides "guidance on the exercise of prosecutorial discretion to ensure that the agency's immigration enforcement resources are focused on the agency's enforcement priorities." Patel argued that he should be granted a continuance to await implementation of the policy and determine whether it entitled him to some form of relief. The IJ denied Patel's motion, finding his argument regarding potential relief pursuant to the Morton Memo too speculative, and ordered him removed to India. Patel appealed, arguing that the IJ abused his discretion in denying a continuance. The BIA dismissed the appeal, finding no abuse of discretion. Patel thereafter filed a timely, counseled petition for review in this Court.

We have jurisdiction under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). An IJ may "grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. An IJ's refusal to grant a continuance is reviewed for abuse of discretion, Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006), and will be overturned only if the decision is arbitrary, irrational, or contrary to law, see Hashmi v. Att'y Gen., 531 F.3d 256, 259 (3d Cir. 2008). "The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it

must be resolved on a case by case basis according to the facts and circumstances of each case." Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003) (internal quotation marks and citation omitted).

We agree with the BIA that the denial of Patel's motion for a continuance was not an abuse of the IJ's discretion. Patel's argument regarding potential relief pursuant to the Morton Memo was speculative and could have led to an indefinite delay in the proceedings. See Contreras v. Att'y Gen., 665 F.3d 578, 587 (3d Cir. 2012) ("An IJ has no obligation to grant a continuance that would be essentially 'indefinite' if there is 'only the speculative possibility that at some point in the future' the alien's labor certification application will be approved.") (quoting Khan, 448 F.3d at 235). Although Patel asserts that he had "a very fair chance of prosecutorial discretion," he provided no facts or evidence in support of that assertion. He also failed to explain why a continuance of the removal proceedings was necessary to obtain the benefit of ICE's new internal policies regarding the exercise of prosecutorial discretion. See Memorandum from John Morton, Dir., U.S. Immigration & Customs Enforcement, to All Field Office Directors et al., Exercising Prosecutorial Discretion Consistent with the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens at 3 (June 17, 2011), http://www.ice.gov/doclib/secure-communities/pdf/prosecutorial-discretion-memo.pdf (ICE attorneys may exercise prosecutorial discretion at any stage of the removal proceedings, including during administrative and judicial appeals); see also Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 483-85 (1999). Finally, to the extent Patel argues that the denial of his continuance request violated his

3

Fifth Amendment due process rights, he fails to establish that the IJ or BIA prevented him from presenting his case or that he suffered prejudice as a result. See Khan, 448 F.3d at 235-36.

Accordingly, the petition for review will be denied.