**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1041
_____

TARUN PATEL,
                                Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                        Respondent
_____

On Petition for Review of a Final Order
Of the Board of Immigration Appeals,
(Agency No. A205-256-758)
Immigration Judge: Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2016
_____

Before: McKEE, *Chief Judge*,* HARDIMAN and RENDELL, *Circuit Judges*.

(Filed: January 9, 2017)

_____

OPINION**
_____

---

* Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third Circuit on September 30, 2016.
** This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Tarun Patel seeks review of the Board of Immigration Appeals' ruling to accept the Immigration Judge's ruling ordering his deportation. Patel argues that the Immigration Judge abused her discretion when she denied his motion for continuance and deemed his asylum application waived.

For the reasons that follow, we will deny the petition for review.

**I.**

Because we write for the parties who are familiar with the factual and procedural history of this case, we provide only the background necessary to our conclusions.

On May 20, 2013 and April 7, 2014, the Immigration Judge granted Patel continuances in order for his counsel to have additional time to prepare applications for relief. On the latter date, Patel appeared before the Immigration Judge and indicated that he was still in the process of filing an asylum petition. Although the Immigration Judge noted that the asylum application would be untimely, the Judge granted the continuance but stated that Patel would be expected to file the asylum application at the next hearing on August 18, 2014.[1]

At the August 18, 2014 hearing, Patel did not submit an asylum application but stated, rather, that he was contemplating voluntary departure. However, Patel requested another continuance to again investigate the possibility of filing for asylum because Patel

_____

[1] The record indicates that the Immigration Judge clearly stated that Patel must file his asylum application at the August 18, 2014 hearing. Patel nonetheless argues that he was not made aware of the absolute nature of the deadline to file for asylum.

had heard that his brother in India had been kidnapped the week before. The Immigration Judge denied the continuance, deemed Patel's opportunity to file an asylum application waived, and entered an Order of Removal because Patel failed to demonstrate good cause for a continuance and because his removal proceedings had been pending for over two years.

Patel appealed to the Board of Immigration Appeals, arguing that the Immigration Judge abused her discretion in denying the motion for continuance. The Board disagreed and dismissed the appeal. This petition for review followed.

**II.**

We review both the Board's and Immigration Judge's decisions.[2] The Immigration Judge's denial of a continuance request in removal proceedings is reviewed for abuse of discretion.[3] We also review the Immigration Judge's determination that the right to file an application or document was waived for abuse of discretion.[4] Accordingly, we will not reverse the Immigration Judge's ruling unless the decision was "arbitrary, irrational, or contrary to law."[5]

An immigration judge may "grant a motion for continuance for good cause

---

[2] This Court may review both the Board's and Immigration Judge's decisions when the Board's decision "substantially relies upon" the Immigration Judge's decision. *Kaita v. Atty. Gen. of U.S.*, 522 F.3d 288, 295 (3d Cir. 2008).

[3] *Khan v. Atty. Gen. of U.S.*, 448 F.3d 226, 233 (3d Cir. 2006).

[4] *See Dediji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) (reviewing application of 8 C.F.R. § 1003.31(c) for abuse of discretion).

[5] *Contreras v. Atty. Gen. of U.S.*, 665 F.3d 578, 583 (3d Cir. 2012).

3

shown."[6] "The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case."[7]

Patel argues that the denial of his continuance request amounted to an abuse of discretion because he should have been granted additional time to gather evidence regarding his brother's recent kidnapping. Patel's counsel urged that the kidnapping may provide a basis for an asylum claim.

The Immigration Judge held that Patel's motion for continuance was not supported by good cause because Patel presented no evidence that his brother had actually been kidnapped.[8] We conclude that there was no abuse of discretion here because the facts regarding the kidnapping were merely speculative and no evidence was presented to support that claim.[9] Not surprisingly, Patel cites to no persuasive authority to support his argument that the Immigration Judge abused her discretion in denying his continuance request.

For the same reason, the Immigration Judge did not abuse her discretion in ruling that Patel's asylum application was waived. An immigration judge "may set and extend

---

[6] *Hashmi v. Atty. Gen. of U.S.*, 531 F.3d 256, 259 (3d Cir. 2008) (quoting 8 C.F.R. § 1003.29) (internal quotation marks omitted).

[7] *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003) (quoting *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988) (internal quotation marks omitted)).

[8] Without referring this Court to any portion of the record, Patel claims that he offered to testify about his brother's kidnapping on August 18, 2014. This Court could not uncover anywhere in the record where Patel offered to testify.

[9] *Khan*, 448 F.3d at 235.

time limits for the filing of applications and related documents."[10] If the application is not filed within the time set by the immigration judge, "the opportunity to file that application or document shall be deemed waived."[11]

Here, the Immigration Judge granted Patel's request for a continuance at the April 7, 2014 hearing for the purpose of allowing Patel time to complete and file his asylum application at the next hearing date, even though an asylum application would then have been untimely. At the next hearing date, however, Patel did not file an asylum application but rather indicated that he was contemplating voluntary departure. Because Patel failed to file his asylum application within the time set by the Immigration Judge, the Judge properly exercised her discretion in concluding that Patel had waived his opportunity to file for asylum.[12]

## III.

For the reasons set forth above, we will deny the petition for review.

---

[10] 8 C.F.R. § 1003.31(c).

[11] *Id.*

[12] Patel states in his brief that the waiver of his asylum application violated his "due process procedural rights." To the extent that Patel raises a due process claim, that argument also fails. To establish this claim, Patel "must show that he was prevented from reasonably presenting his case." *Uspango v. Ashcroft*, 289 F.3d 226, 231 (3d Cir. 2002) (internal quotation marks and citation omitted). Patel has failed to make any such showing. He alleges only that his due process rights were violated because he and his counsel were not made aware of the Immigration Judge's "absolute deadline" for filing the asylum application and the consequences of not meeting that deadline. However, Patel was granted a requested continuance to allow time to file an asylum application, even though such application would have been untimely. Therefore, there is no due process violation. *See Khan*, 448 F.3d at 236 (rejecting petitioner's claim that denial of a continuance request violated his due process rights because he could not show that he was prevented from reasonably presenting his case and that his argument "merely recasts his abuse-of-discretion argument in constitutional terms").