**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1343
_____


NELSON C. SALGUERO PALACIOS, AKA, Nelson Salguero Palacios,
AKA Nelson Salguero AKA Nelson C. Salgueropalacios,
AKA Nelson Salgueropalacios

Petitioner


v.


ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____


On Petition for Review of an Order of the
Board of Immigration Appeals
(District Court No.:  BIA-1: A204-414-207)
Immigration Judge: Daniel A. Morris

_____


Submitted under Third Circuit L.A.R. 34.1(a)
September 17, 2019


Before: KRAUSE, MATEY and RENDELL, Circuit Judges


(Opinion filed: November 14, 2019)

## O P I N I O N [*]

**RENDELL**, *Circuit Judge*:

Nelson Salguero Palacios, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his oral motion for a continuance, his petition for statutory withholding of removal, and his application for protection under the Convention Against Torture ("CAT"). Because the BIA properly affirmed the IJ's denial of Salguero Palacios's requests, we will deny the Petition for Review.[1]

### I.[2]

Nelson Salguero Palacios entered the United States in December 2003 at the age of fourteen, without admission or parole. In March 2018, the Department of Homeland Security served Salguero Palacios a Notice to Appear, commencing immigration removal proceedings. Salguero Palacios subsequently submitted an application for asylum, withholding of removal, and protection from removal under the CAT. The IJ set a deadline of August 7 to submit documents, and directed Salguero Palacios to provide a brief by August 20 establishing his eligibility for asylum, withholding, and CAT protection. Salguero Palacios did not meet the document deadline or submit the brief.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to hear this appeal from the BIA under 8 U.S.C. § 1252(a)(1).
[2] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we set out only what is necessary to explain our decision.

At the removal hearing on August 21, 2018, Salguero Palacios's counsel noted that he had received new documents one week prior but had not submitted them because the August 7 deadline had passed. He also could not provide them to the court at that time, as many remained untranslated. He instead sought a two-week continuance. The Government objected.

The IJ declined to grant the motion for a continuance but allowed Salguero Palacios, in his testimony, to testify about why the documents were not submitted at the appropriate time. At the close of the testimony, Salguero Palacios's counsel again requested the continuance but noted:

> I have to be honest with the court. The documents that I have . . . mostly corroborate the fact that certain individuals were killed, died as a result of violence, and there's a newspaper article which actually mentions one of them. I don't have any documentation in regards to any torture or threat of torture towards my client. I just want to be clear about that, that I basically sought to have them introduced in evidence to corroborate what my client has testified to here and that there have been some threats. So, that's the only thing that I would add . . . to my request.

AR 117. The IJ denied the continuance, finding no good cause because the untimely documents would only corroborate the fact that Salguero Palacios's family members were killed and would not provide additional helpful information.

With respect to Salguero Palacios's claims for withholding of removal and relief under the CAT, the IJ likewise considered the testimony and denied relief. At the hearing, Salguero Palacios testified that he feared death should he return to El Salvador.[3] He claimed to be a member of a particular social group defined as "young men whose

---

[3] Salguero withdrew his asylum claim at the hearing.

family have been persecuted and who return to El Salvador after many years." AR 11. The IJ concluded that this was not a cognizable particular social group. He acknowledged that Salguero Palacios believed returning to El Salvador would put him in danger and claimed his uncle, half-brother, and cousin were murdered and a friend who returned to El Salvador disappeared. Salguero Palacios presented no evidence, however, of any willful blindness on the part of the government of El Salvador toward these attacks or evidence that the government would be indifferent to any harm he might suffer. At the close of the hearing, the IJ ordered Salguero Palacios removed to El Salvador and denied his application for withholding of removal and protection under the CAT.

Salguero Palacios filed a timely appeal to the BIA. The BIA agreed with the IJ that Salguero Palacios had not shown that the documents at the center of his motion for continuance would affect the outcome of the proceedings. It also concluded that he failed to establish a cognizable particular social group, as the group he identified was not sufficiently distinct. Finally, the BIA found Salguero Palacios did not present evidence that the government of El Salvador was willfully blind to the deaths of his family or would acquiesce in any potential violence against him. Therefore, on January 15, 2019, the BIA dismissed Salguero Palacios's appeal.

II.

We have jurisdiction to review the decisions of both the IJ and the BIA to the extent that the BIA substantially relied on the findings of the IJ. *Camara v. Attorney Gen.*, 580 F.3d 196, 201 (3d Cir. 2009); *He Chu Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review the denial of a continuance under an abuse of discretion standard.

4

*Hashmi v. Attorney Gen.*, 531 F.3d 256, 259 (3d Cir. 2008); *Khan v. Attorney Gen.*, 448 F.3d 226, 233 (3d Cir. 2006). We will affirm the determinations of the IJ and BIA as to withholding and relief under the CAT if supported by substantial evidence. *Shehu v. Attorney Gen.*, 482 F.3d 652, 657 (3d Cir. 2007).

A.

Salguero Palacios argues the IJ abused his discretion by denying the oral motion for a continuance, and the BIA similarly erred in affirming. "An IJ's decision should be reversed as an abuse of discretion only if it is arbitrary, irrational or contrary to law." *Hashmi*, 531 F.3d at 259. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. In assessing good cause, the IJ may not deny a continuance solely based on concern about timely resolution of the case, without considering the nature of the claim. *Hashmi*, 531 F.3d at 260–261. But the IJ may consider timeliness concerns along with the nature and importance of the evidence the applicant wishes to present. *Id.*; *see also Baires v. INS*, 856 F.2d 89, 92–93 (9th Cir. 1988).

Here, the IJ and the BIA both considered the nature of the claim and the evidence in favor of the continuance, including the potential significance of the new documents. The IJ listened to counsel's arguments about why he had not submitted the new documents on time and how they might support Salguero Palacios's claims. After initially denying the continuance at the beginning of the hearing, the IJ allowed Salguero to testify as to why he did not provide the documents earlier and permitted counsel to raise the request again at the close of testimony. After listening to Salguero Palacios's testimony and to the argument of counsel, the IJ determined that Salguero Palacios had

5

still offered no evidence to show "why he was previously unable to provide the documents and why they were not timely filed." AR 11. When arguing for the continuance, Salguero Palacios's counsel additionally conceded that the documents "mostly corroborate the fact that certain individuals were killed [or] died as a result of violence" and would not offer evidence of torture or threats of torture to his client. AR 117. Accordingly, the IJ rightly concluded that the new documents "would not have materially affected the outcome of the removal proceedings." AR 10.

The BIA echoed the observation that, although Salguero Palacios argued he wanted to present certain documents, he did not articulate the nature or content of the documents or show that they would materially affect the proceedings. Accordingly, the BIA concluded that "good cause" did not exist to justify a continuance. Because Salguero Palacios did not show proper diligence in seeking and obtaining the documents, and because the documents would not have affected the outcome of the hearing, the IJ properly denied the continuance, and the BIA properly affirmed.

B.

Salguero Palacios next objects to the denial of his requests for withholding of removal and protection under the CAT. We turn first to the application for withholding of removal under 8 U.S.C. § 1231. Withholding of removal is appropriate where one shows it is more likely than not that one would be subject to persecution because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *INS v. Aguirre-Aguirre*, 526 U.S. 415, 419 (1999); *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003). Here, Salguero Palacios claimed

6

membership in a social group defined as "young men whose family have been persecuted and who return to El Salvador after many years." AR 11. The IJ concluded this group is not cognizable; the BIA affirmed, and we find that substantial evidence supported this determination.

The BIA rightly concluded that Salguero Palacios has not offered sufficient evidence that this group is socially distinct within El Salvadoran society, as required for it to constitute a particular social group. A social group must be both particular and socially distinct. *S.E.R.L. v. Attorney Gen.*, 894 F.3d 535, 553–54 (3d Cir. 2018). The requirement of social distinction "works to narrow the universe of 'particular social groups' to those whose members are seen to be 'distinct' or 'other,' like the distinctiveness inherent in the other enumerated grounds." *Id.* at 553. It refers to "a more subjective question, whether the alien's home society actually does recognize that group as being a 'distinct' and identifiable group." *Id.*

Salguero Palacios has provided no evidence that El Salvadoran society perceives "young men whose family have been persecuted and who return to El Salvador after many years" as a socially distinct group. He has offered only his subjective belief that he will be subjected to violence and his claim that his family and friends were killed because the gangs believed he was sending them money from the United States. However, a genuine fear of general violence cannot compensate for a failure to identify specific evidence that the group is socially distinct. Because there is no other evidence cited to support the group's distinction within El Salvadoran society, the BIA properly affirmed the IJ's denial of Salguero Palacios's claim for withholding of removal.

7

## C.

A claim for protection under the CAT requires a showing that "it is more likely than not" that the applicant will be tortured upon return to the designated country with the consent or acquiescence of a public official. 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1); *Sevoian v. Ashcroft*, 290 F.3d 166, 174–75 (3d Cir. 2002). Willful blindness may suffice to demonstrate government acquiescence. *Roye v. Attorney Gen.*, 693 F.3d 333, 343 (3d Cir. 2012). But the IJ and the BIA concluded Salguero Palacios did not meet this standard, and substantial evidence supports these determinations.

Salguero Palacios relies predominately on the attacks on his friends and family, as well as his personal fears, to support his claim that he is likely to face torture. He claims there has been a lack of meaningful progress in the investigations into the murders of his family members and friends, but he has admitted that the police had no part in the killings and have been investigating the deaths, albeit not as effectively as he would like. Salguero Palacios further contends that corruption in the El Salvadoran police force prevents them from effectively investigating violence and that he will not be able to rely on law enforcement for help in the event of violence. However, Salguero Palacios admits that he has not received any direct threats. As the BIA noted, Salguero Palacios's largely speculative arguments have not shown he will more likely than not be tortured by or with the acquiescence of officials. Because Salguero Palacios has not offered any specific evidence that he will likely be subjected to violence with the acquiescence of officials, substantial evidence supports the BIA's decision to affirm the denial of Salguero Palacios's claim under the CAT.

## III.

For the foregoing reasons, we will deny the Petition for Review.