**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2941
_____

WILSON RODRIGO GUAMAN YUPA,
                                                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA-1 : A209-126-995
Immigration Judge:  Ramin Rastegar
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 27, 2024

Before: JORDAN, SMITH, *Circuit Judges*, and
BUMB, *Chief District Judge*[*]

(Filed: July 10, 2024)
_____

OPINION[†]
_____

---

[*] Honorable Renée Marie Bumb, Chief District Judge of the United States District Court for the District of New Jersey, sitting by designation.
[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SMITH**, *Circuit Judge*.

Despite the arrival of the day of a long-awaited immigration hearing, Wilson Rodrigo Guaman Yupa sought a continuance of the proceedings. The immigration judge (IJ) denied his request. The IJ concluded that Guaman Yupa's failure to submit a completed I-589 application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) at any time during a ten-month continuance, which lasted up to the date of hearing, constituted an abandonment of any such claims. The Board of Immigration Appeals (BIA) affirmed the IJ's denial. This timely petition for review followed. We will deny the petition.

I.

Guaman Yupa, a native and citizen of Ecuador, entered the United States via Arizona in August of 2016. The Department of Homeland Security issued a Notice To Appear (NTA) charging Guaman Yupa with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for failing to possess valid entry documents. In November 2016, the immigration court issued notice to Guaman Yupa of a hearing to be held in March 2017. That hearing was continued to May 2018. Guaman Yupa appeared at the hearing with his counsel, Attorney Stephen Lagana, and conceded that he was removable as charged in the NTA. Guaman Yupa was seeking asylum, withholding of removal, and CAT relief, but his attorney had yet to submit an I-589 application. Attorney Lagana asked for time to prepare the application, and the IJ scheduled the next hearing for ten months out: March 13, 2019.

2

On March 11, 2019, Attorney Lagana received emergency treatment for an infection and was directed to see his physician two days later. Attorney Theta Calteron stepped in, appearing in place of Attorney Lagana at the March 13 hearing. She handed the IJ a motion to continue the hearing, which appended Attorney Lagana's discharge instructions from a hospital emergency department. The IJ acknowledged Attorney Lagana's circumstances and understood why he "could not be present." CAR87. Yet mindful that the hearing had been scheduled ten months earlier so that an I-589 could be prepared, the IJ inquired about the status of the application. Attorney Calteron could not provide an adequate explanation.

Without a completed I-589 application before him, the IJ deemed Guaman Yupa's claims for immigration relief abandoned. That same day, the IJ ordered Guaman Yupa removed to Ecuador.

Guaman Yupa appealed to the BIA, asserting that the IJ abused his discretion by failing to grant a continuance based on "counsel's inability to attend the scheduled hearing due to illness." CAR68. Notably, the Notice of Appeal did not have appended to it a completed I-589, yet Attorney Lagana did indicate he intended to file a brief. The Executive Office for Immigration Review did not issue a briefing schedule for more than two years, eventually directing submission of the briefs by September 10, 2021. Even then, after two years, Attorney Lagana sought an extension citing an "illness" and the need for "more time." CAR57. The BIA accorded him another 21 days, -- but when the brief was filed, it still did not include a completed I-589 application.

In addition to asserting that the IJ erred by denying the requested continuance, Guaman Yupa asked the BIA to remand based on a pending I-130 Petition. That petition

3

had been filed by Guaman Yupa's United States citizen-wife, whom he had married two years after the IJ's order of removal. The BIA affirmed the IJ's denial of the continuance and denied the request for remand.[1]

## II.

Guaman Yupa challenges only the BIA's affirmance of the IJ's denial of the continuance.[2] He contends that his counsel's illness constituted good cause for a continuance. Because the BIA agreed with the IJ's denial of the continuance and provided additional reasoning, we review "both the decisions of the IJ and the BIA." *Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir. 2008). Under regulation § 1003.29, an IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Accordingly, we review the IJ's denial and the BIA's affirmance for an abuse of discretion. *Hashmi*, 531 F.3d at 259, 262. The IJ's action constitutes an abuse of discretion if it is "arbitrary, irrational or contrary to law." *Id.* at 259. "'[W]hether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case.'" *Id.* at 259–60 (quoting *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003)).

---

[1] The IJ exercised jurisdiction under 8 C.F.R. § 1208.2(b). The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction over the final order of removal pursuant to 8 U.S.C. § 1252(a)(1).

[2] Because Guaman Yupa did not address the denial of his request to remand based on the pendency of the I-130 application, that issue is waived. *See Khan v. Att'y Gen.*, 691 F.3d 488, 495 n.4 (3d Cir. 2012).

Contrary to Guaman Yupa's argument, the IJ did not rely solely upon counsel's illness in denying the continuance. The IJ explicitly stated that he understood why counsel was not present. And he considered the circumstances of the case, reciting the history of Guaman Yupa's case from his arrival in the U.S. in 2016 through the scheduling of the March 13, 2019, hearing "for the purpose of filing any relief application." CAR86.

An alien who seeks asylum has the burden of establishing that he is a refugee under § 1101(a)(42)(A). *See* 8 U.S.C. § 1158(b)(1)(B). Yet, when Attorney Lagana was unable to attend the March 2019 hearing, the IJ explained that nothing appeared of record seeking immigration relief, no application was ready to submit to the immigration court, and no adequate explanation had been offered regarding the application's status. This led the IJ to conclude that the application for asylum had been abandoned.

Had the IJ denied the continuance solely on the basis that counsel was ill and had not appeared, that would present a different case entirely. Here, though, the IJ agreed that the fact of Attorney Lagana's illness adequately explained why he did not appear. Good cause for a continuance could not be established because of the absence of both a request for immigration relief (after a ten-month period to prepare the I-589 application) and some reasonable explanation as to the application's status. Nor do we see an error in the BIA's affirmance. The BIA fully considered the circumstances and pointed out that Guaman Yupa, who had yet to file an I-589 application, had not "provided any evidence to establish a prima facie claim for asylum or related relief and protection."[3] CAR4.

---

[3] Guaman Yupa suggests that the application seeking an adjustment of status is a factor favoring relief. We agree with the BIA's decision, which noted that, at the time of the

In sum, we will deny the petition.

<hr />

March 13, 2019, hearing, Guaman Yupa was an unmarried man and could not have been the beneficiary of an I-130 application.