PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3705
_____

SOTERO MEJIA ROMERO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A075-294-346)
Immigration Judge: John P. Ellington
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 23, 2021
_____

Before: HARDIMAN, GREENAWAY, JR., and BIBAS,
*Circuit Judges*.

(Opinion Filed: May 5, 2021)

Marcia B. Ibrahim
Law Office of Marcia Binder Ibrahim
222 South Broad Street
Lansdale, PA 19446
        *Counsel for Petitioner*

Jeffrey Bossert Clark
Emily Anne Radford
David Schor
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

_____

OPINION

_____


GREENAWAY, JR., *Circuit Judge*.

Sotero Mejia Romero seeks review of the order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") decision denying his application for withholding of removal. In addition to adopting and affirming the IJ's decision denying withholding of removal, the BIA also rejected Mejia Romero's challenge to the IJ's jurisdiction over his case. Before us, Mejia Romero only appeals that jurisdictional issue. Finding no jurisdictional defect, we will deny the petition for review.

2

## A. Background

On September 25, 1997, Mejia Romero, a native and citizen of Guatemala, was granted voluntary departure after having entered the United States without being admitted or paroled. When Mejia Romero failed to leave the United States as provided in that order, a removal order was entered on March 25, 1998. That order was executed on May 27, 2011, when Mejia Romero was removed from the United States to his home country of Guatemala. He returned almost immediately to the United States. When he was taken into custody on May 17, 2018, the Department of Homeland Security ("DHS") notified Mejia Romero of its intent to reinstate his prior removal order, pursuant to 8 U.S.C. § 1231(a)(5).

In response, Mejia Romero "express[ed] a fear of returning to the country of removal," 8 C.F.R. § 208.31(a), and as required he was referred to an asylum officer for a reasonable fear interview, 8 C.F.R. § 208.31(b). The purpose of the reasonable fear interview is to give the alien an opportunity to "establish[] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal."[1]  8 C.F.R. § 208.31(c).

---

[1] Faced only with a jurisdictional challenge, we need not discuss the facts underlying Mejia Romero's fear of persecution or torture.

3

Finding that Mejia Romero had "a reasonable fear of persecution or torture," the asylum officer referred the matter to an IJ, as required by 8 C.F.R. § 208.31(e). A.R. 455. The Notice of Referral to Immigration Judge[2] provided the place of the hearing before the IJ but noted that the date and time were "To Be Determined." A.R. 456. However, Mejia Romero subsequently received a Notice of Withdrawal-Only Hearing that included the date, time, and place information. After his hearing, the IJ denied the application for withholding of removal. Mejia Romero appealed to the BIA.

Before the BIA, Mejia Romero raised several arguments, including a challenge to the IJ's jurisdiction. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Mejia Romero argued that "[a] notice of referral to [an] immigration judge is an analogous document to a notice to appear and must contain a location and a date and time for a removal hearing in order to create jurisdiction for an immigration court." A.R. 14. He further argued "[a]ccording to the plain language of the regulations in question here, jurisdiction of an immigration court 'vests' only 'when a charging document is filed with the Immigration Court.'" A.R. 15 (citing 8 C.F.R. § 1003.14[3]). A Notice of Referral to Immigration Judge is a charging

---

[2] The Notice of Referral to Immigration Judge is a form I-863.

[3] In part, § 1003.14(a) provides that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."

4

document.  8 C.F.R. § 1003.13.[4]

The BIA rejected Mejia Romero's jurisdictional challenge for three reasons.  First, the BIA noted that it lacked the authority to grant the relief Mejia Romero sought – termination of the proceedings – in a withholding proceeding.  Second, the BIA observed "that *Pereira* applies to the statutory scheme for removal proceedings, not withholding-only proceedings as are at issue here."  App. 25.  Third, even if *Pereira* "could apply in some context to withholding-only proceedings," the BIA's prior decision in *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (B.I.A. 2018), and our decision in *Nkomo v. Att'y Gen.*, 930 F.3d 129 (3d Cir. 2019), *cert. denied sub nom. Nkomo v. Barr*, 140 S. Ct. 2740 (2020), foreclosed his arguments.  *Id.* at 26.

Mejia Romero filed a timely petition for review.

**B.  Discussion**

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1208.31(e).  We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  "Ordinarily, Courts of Appeals review decisions of the Board of Immigration Appeals (BIA), and not those of an IJ."  *Camara v. Att'y Gen.*, 580 F.3d

---

[4] Pursuant to 8 C.F.R. § 1003.13, "[c]harging document means the written instrument which initiates a proceeding before an Immigration Judge. . . . For proceedings initiated after April 1, 1997, these documents include a Notice to Appear, a Notice of Referral to Immigration Judge, and a Notice of Intention to Rescind and Request for Hearing by Alien."

196, 201 (3d Cir. 2009) (quoting *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002)). We review the IJ's opinion only when "the BIA has substantially relied on that opinion." *Id.* Because the BIA did not summarily affirm the IJ's order but instead issued a separate opinion, we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA deferred to it. *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006).

"Because [the] jurisdictional challenge is a purely legal one, our review is plenary." *Nkomo*, 930 F.3d at 132 (citing *Ku v. Att'y Gen.*, 912 F.3d 133, 138 (3d Cir. 2019)).

Before us, Mejia Romero renews his *Pereira*-based argument. He asserts that "the IJ and the BIA should not initiate withholding only proceedings unless the charging document (i.e., Form I-863, Notice of Referral to Immigration Judge) contains the information required by the regulations including the date and time of the first hearing." Pet'r's Br. 9. Citing to *Pereira*, he further argues that "[a] notice of referral to [an] immigration judge is an analogous document to a notice to appear and must contain a location and a date and time for a removal hearing in order to create jurisdiction for an immigration court."[5] *Id.* at 11 (citing *Pereira*, 138 S. Ct. at

---

[5] While Mejia Romero asserts that a Notice to Appear and a Notice of Referral are "analogous document[s]," nothing in the statutes or regulations indicates they have analogous requirements, beyond both of them being defined as charging documents in 8 C.F.R. § 1003.13. Indeed, unlike a Notice to Appear, the requisite contents of which are set forth in both a statute and a regulation, no statute or regulation defines the contents of a Notice of Referral.

2110). Since the Notice of Referral Mejia Romero received lacked date and time information, Mejia Romero asserts that neither the IJ nor the BIA had jurisdiction over his case.

Mejia Romero's arguments misread both the regulations and the holding in *Pereira*. The regulations Mejia Romero cites – 8 C.F.R. § 208.2(c)(3)(ii) and § 1208.2(c)(3)(ii) – do not require that the time and place be included in a Notice of Referral to Immigration Judge. Instead, those regulations state as to "[n]otice of hearing procedures . . . . The alien will be provided with notice of the time and place of the proceeding." 8 C.F.R. § 208.2(c)(3)(ii); 8 C.F.R. § 1208.2(c)(3)(ii). Mejia Romero's Notice of Withholding-Only Hearing included that information. Since that notice included the information required by the regulations, no violation of the regulations occurred.

To the extent Mejia Romero's jurisdictional challenge is premised on the argument that *Pereira* required that, in order to vest jurisdiction in an IJ pursuant to 8 C.F.R. § 1003.14, a Notice to Appear – the charging document involved in that case – must include the location, date, and time information of the initial hearing before the IJ, our decision in *Nkomo* squarely rejected it. *Nkomo*, 930 F.3d at 133-34.

In *Nkomo*, we refused to extend *Pereira*'s narrow holding "beyond the § 1229b(d)(1)(A) stop-time rule context." *Id.* at 133. We explained that § 1003.14, the jurisdiction-vesting regulation, did not cross-reference 8 U.S.C. § 1229(a), which required a "notice to appear" to include time and place information. *Id.* And "time and place are conspicuously absent" from the rule that sets out what must be included in a Notice to Appear under § 1003.14. *Id.* at 134; *see* 8 C.F.R. § 1003.15(b), (c).

Here, the charging document enumerated in 8 C.F.R. § 1003.13 commencing Mejia Romero's case before the IJ was the Notice of Referral to the Immigration Judge, rather than the Notice to Appear involved in *Nkomo*. And, as discussed above, no regulation specifies the content of a Notice of Referral, much less requires that it contain time and place information. Yet, Mejia Romero insists that because a Notice of Referral to the Immigration Judge is analogous to a Notice to Appear, *Pereira* dictates that the IJ lacked jurisdiction over his removal proceedings where the Notice of Referral did not include the date and time information. We have already held in *Nkomo* "that *Pereira's* holding is not readily transferable to 8 C.F.R. § 1003.14." *Nkomo*, 930 F.3d at 134. We reaffirm that position here. We therefore now hold that the IJ is not deprived of jurisdiction under § 1003.14 over removal proceedings commenced by a Notice of Referral to an Immigration Judge lacking time and place information.

## C. Conclusion

Finding no support in the statutes, regulations, or case law for Mejia Romero's arguments, we will deny the petition for review.