NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3372
_____

NICOLAS MORALES,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Agency No. A215-665-203)
Immigration Judge: Pallavi S. Shirole
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2021

Before: SHWARTZ, PORTER and FISHER, *Circuit Judges*.

(Filed: February 8, 2022)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

Petitioner Nicolas Morales, a native and citizen of Mexico who entered the

United States in 1999 without official authorization, seeks review of the denial of his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

petition for cancellation of removal.[1] He applied for cancellation on the basis that his wife and son, both of whom are U.S. citizens, will suffer "exceptional and extremely unusual hardship" if he is removed.[2] On appeal, he argues the immigration judge abused her discretion by denying his request for a continuance of the removal proceedings. He also argues this denial deprived him of his due process rights to retain counsel of his choice and to present evidence. Perceiving neither an abuse of discretion by the IJ, nor a violation of Morales's Fifth Amendment rights, we will deny the petition.

Morales first contends the IJ abused her discretion by denying his request for a continuance. Morales requested the continuance at the start of his merits hearing for the purpose of replacing his lawyer, in whom he states he lost confidence over the failure to obtain probative evidence. Where, as here, the Board of Immigration Appeals affirms the IJ on a claim without discussion, we review the IJ's decision.[3] An IJ may "grant a motion for continuance for good cause shown."[4] We review the denial of a continuance for abuse of discretion, and we will reverse only if the denial "is arbitrary, irrational or contrary to law."[5]

---

[1] Our jurisdiction over the BIA's final order arises under 8 U.S.C. § 1252(a). The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3), 1240.15, 1240.53.

[2] *See* 8 U.S.C. § 1229b(b)(1)(D).

[3] *See Mejia Romero v. Att'y Gen.*, 997 F.3d 145, 147–48 (3d Cir. 2021). "'Ordinarily, Courts of Appeals review decisions of the [BIA], and not those of an IJ.' We review the IJ's opinion only when 'the BIA has substantially relied on that opinion.'" *Id.* (citation omitted) (quoting *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir.), *as amended* (2009)).

[4] 8 C.F.R. § 1003.29.

[5] *Hashmi v. Att'y Gen.*, 531 F.3d 256, 259 (3d Cir. 2008).

Morales contends the denial was arbitrary because the IJ conducted only a cursory inquiry into his reasons for seeking a continuance. Despite Morales's characterization to the contrary, the IJ did engage with Morales and his attorney about why he was seeking to continue the proceedings, and she considered factors that might justify granting a continuance.[6] In her discussion with Morales, the IJ noted the case had been pending for roughly three months, Morales had not previously alerted the IJ to the need for a continuance, and he had only asked his lawyer to withdraw that very morning. Morales observes that this was the first continuance he requested in this case. This counts in his favor, yet it is not the only factor the IJ may consider.[7] At a minimum, the decision to deny is sufficiently reasoned for us to conclude it was not arbitrary; therefore, it did not constitute an abuse of discretion.

Turning to Morales's constitutional claims, he argues the refusal to postpone proceedings violated his due process rights in two respects: his right to counsel of his choice and his right to present supporting evidence. We review these claims *de novo.*[8] Removal proceedings need only satisfy the requirements of "fundamental fairness."[9]

---

[6] *See Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 415 (Att'y Gen. 2018) ("It may also be appropriate to consider the length of the continuance requested, the number of hearings held and continuances granted previously, and the timing of the continuance motion.").

[7] *See id.*

[8] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007).

[9] *Muhanna v. Gonzales*, 399 F.3d 582, 587 (3d Cir. 2005); *see also Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 384 (3d Cir. 2020) (detailing elements of a fundamentally fair hearing).

Procedural due process claims generally require a petitioner to show both a deprivation of process and resulting prejudice.[10]

On his first claim, Morales argues the IJ—by denying his requested continuance—forced him to proceed with a lawyer in whom he had lost confidence, violating his right to counsel of his choice. Individuals in removal proceedings have a right to counsel that derives from the Fifth Amendment, not from the Sixth.[11] This means an individual facing removal possesses the right "to counsel of his or her own choice at his or her own expense," but not to "government-appointed counsel."[12] Within this claim, Morales also includes the contention that he received ineffective assistance of counsel. The "Due Process Clause guarantees aliens the right to effective assistance of counsel in removal proceedings,"[13] and whether a petitioner was granted the right to counsel of his choice is a separate and distinct question from whether a petitioner's counsel was effective.[14] Morales's brief is plausibly read as making both arguments, so we will address each in turn.

Our precedent compels the conclusion that Morales's right to counsel of his choice was satisfied. In *Ponce-Leiva v. Ashcroft*, the petitioner selected and retained a lawyer; however, that lawyer subsequently failed to appear at the petitioner's merits

---

[10] *See B.C. v. Att'y Gen.*, 12 F.4th 306, 318 (3d Cir. 2021) ("In some cases, a due process issue may not warrant a remand to the agency where it is clear the noncitizen suffered no prejudice from the agency's errors.").

[11] *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 374 (3d Cir. 2003). In addition, petitioners are also afforded a statutory entitlement to counsel. 8 U.S.C. § 1229a(b)(4)(A); *see also* 8 C.F.R. §§ 1003.16, 1240.3. We have treated these rights to counsel as satisfied in the same circumstances, *see Ponce-Leiva*, 331 F.3d at 374–77, as the parties do here.

[12] *Leslie v. Att'y Gen.*, 611 F.3d 171, 181 (3d Cir. 2010).

[13] *Calderon-Rosas*, 957 F.3d at 385.

[14] *See Ponce-Leiva*, 331 F.3d at 374, 377–78.

hearing.[15] As in this case, the petitioner argued the IJ's refusal to grant a continuance deprived him of the right to counsel.[16] This Court held the petitioner's right had been satisfied because the petitioner had received "ample time" since the initiation of proceedings to find a lawyer and had in fact done so.[17] We also drew attention to the "facial lack of merit" in the petitioner's claim.[18]

*Ponce-Leiva* forecloses Morales's argument that his right to due process was violated because he had to proceed with a lawyer in whom he had lost faith. Here, Morales was able to retain counsel in time for his initial hearing in December 2019. He thus exercised his right to select and retain counsel. Furthermore, unlike the petitioner in *Ponce-Leiva*, Morales was actually represented by counsel at his merits hearing, so he was in a better position than a petitioner who we held suffered no due process violation.

Attempting to avoid this precedent, Morales argues the IJ "bullied" him into proceeding with a lawyer in whom he had lost confidence.[19] But the hearing transcript does not reveal the sort of "browbeating" that we have held undermines the fundamental fairness of a proceeding.[20] The IJ's tone appears respectful throughout the proceedings, her occasional interjections were limited to asking clarifying

---

[15] 331 F.3d at 371–72.

[16] *Id.* at 371–73.

[17] *Id.* at 374–76. In arriving at this rule, we assumed that for a petitioner's right to counsel to be violated, the denial must result from an abuse of discretion by the IJ. *See id.* at 375. Under that rule, Morales's claim fails because, as we indicate above, the IJ's denial did not constitute an abuse of discretion.

[18] *Id.* at 377.

[19] Pet. Br. at 21.

[20] *See Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 216–19, 221–25 (3d Cir. 2017) (collecting and discussing cases).

questions, and her reminders to Morales to speak through the interpreter were limited to the start of proceedings and were consistent with preserving the clarity of the testimony.[21] Morales also attempts to liken his case to *Leslie v. Attorney General*.[22] However, in *Leslie*, the IJ failed to notify the petitioner of the availability of free legal services in violation of applicable regulations.[23] In this case, Morales cannot show a comparable regulatory violation by the IJ, and he was able to obtain representation. In response to this basis for distinguishing *Leslie*, Morales pivots to an ineffective assistance argument,[24] which we address now.

According to Morales, the IJ should have granted his requested continuance because he indicated he was not represented by effective counsel.[25] To prevail on an ineffective assistance claim, a petitioner needs to show that competent counsel would

---

[21] *See Cham v. Att'y Gen.*, 445 F.3d 683, 687–89, 691–92 (3d Cir. 2006) (finding that IJ "continually abused an increasingly distraught petitioner," including by repeated commands to speak through the interpreter).

[22] Morales also relies on *Ignatov v. Ashcroft*, 71 F. App'x 157 (3d Cir. 2003), an unpublished decision, which is of course non-precedential. *See, e.g.*, *Wallace v. Mahanoy*, 2 F.4th 133, 144 n.16 (3d Cir. 2021). Even if *Ignatov* were designated as precedential, it would be unhelpful for Morales. *Ignatov* distinguished *Ponce-Leiva* on the basis that the petitioner had a facially valid reason to request asylum; therefore, the absence of a lawyer was prejudicial. *See* 71 F. App'x at 161–62. Here, as we will discuss, Morales cannot show prejudice.

[23] 611 F.3d at 173–75; *see* 8 CFR. § 1240.10(a)(1)–(2).

[24] Pet. Br. at 22 ("[W]hether Mr. Morales was aware of the existence of pro bono counsel bears no relationship to whether he felt adequately represented by his attorney.").

[25] The Government suggests that Morales may have forfeited his ineffective assistance argument by not squarely raising it on appeal. Indeed, claims raised only in passing are deemed forfeited. *Fed. Trade Comm'n v. AbbVie Inc.*, 976 F.3d 327, 368 n.3 (3d Cir. 2020). But here, Morales filed a motion to remand for ineffective assistance of counsel before the BIA, and he alleges that his prior counsel was ineffective throughout his brief. Furthermore, the BIA found that Morales had complied with the factors from *Matter of Lozada* for the preservation of a claim of ineffective assistance of counsel on appeal. *See* 19 I. & N. Dec. 637, 638–39 (BIA 1988). As a result, we consider the claim.

have acted differently and that the petitioner suffered prejudice as a result of counsel's performance.[26] Prejudice requires a showing of a reasonable probability of a different outcome before the IJ, absent counsel's errors.[27] As an initial matter, we are not persuaded that Morales's attorney was incompetent. Although Morales may have preferred different counsel, the record shows that Morales's lawyer was prepared to represent him at the hearing and that she ably discharged her duty.[28] Even if we did perceive incompetence, we remain unconvinced that Morales has shown prejudice. Morales claims his prior attorney was incompetent specifically for failing to gather the evidence that he later presented to the BIA on appeal. Consequently, this prejudice inquiry overlaps with Morales's claim that he was denied the opportunity to submit evidence, to which we turn next. Because we conclude below that Morales did not suffer prejudice from the absence of additional evidence, we reject his ineffective assistance of counsel argument.

Morales's final claim is that the IJ, and in turn the BIA, denied him the chance to obtain further evidence that would have changed the outcome of his case. Procedural due process guarantees a petitioner "a reasonable opportunity to present

---

[26] *See Calderon-Rosas*, 957 F.3d at 388.

[27] *Id.*

[28] This case is distinguishable from *Calderon-Rosas*, where we found the petitioner's attorney to be incompetent for failing to submit easily obtainable medical evidence. *See* 957 F.3d at 388. Though Morales's prior attorney did not submit corroborating medical records before the merits hearing, counsel submitted an affidavit from Morales's wife describing her conditions and elicited credible testimony from Morales at the hearing regarding the care he provided to her. Morales further points to his prior attorney's affidavit, stating it was error not to object to the IJ's denial of the continuance. However, the affidavit bases this conclusion entirely on *Ignatov*, which we have noted is both non-precedential and distinguishable.

evidence on his behalf."[29] For us to conclude Morales was deprived of due process, he must show both that he was deprived of the ability to present certain evidence and that he suffered prejudice as a result.[30] We lack jurisdiction to second-guess the BIA's determination of whether the evidence Morales offers amounts to a showing of exceptional and extremely unusual hardship.[31]

Like the BIA, we resolve this claim on the prejudice prong. Although the IJ found that Morales could not corroborate certain elements of his application, she ruled in the alternative that, even assuming Morales could provide all the evidence he sought, he still could not show his son and wife would experience the requisite degree of hardship. She reached this conclusion by relying primarily on Morales's testimony at the hearing, which she found generally credible. On appeal, the BIA considered Morales's additional evidence, but it found the new documentation did not show "the potential to alter the outcome of his proceedings."[32] For example, it noted that "[t]hese [new] records do not undermine the [IJ's] finding that [Morales's] wife appears able to manage her own medical needs."[33]

---

[29] *Cham*, 445 F.3d at 691 (alteration omitted) (quoting *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003)).

[30] *Serrano-Alberto*, 859 F.3d at 213. Prejudice, again, means the deprivation of process must have had the potential to affect the outcome of the proceedings. *Id.*

[31] *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020).

[32] J.A. at 13. This point represents yet another divergence from *Calderon-Rosas*. There, we observed with disapproval that the BIA had faulted the petitioner for not establishing what evidence he would have presented, but for his counsel's ineffectiveness, while also refusing to consider new evidence on appeal. *See* 957 F.3d at 383, 387–88. Here, by contrast, the BIA fully considered the new evidence offered by Morales on appeal.

[33] J.A. at 14.

From our review of the record, we see no reason to disturb the BIA's conclusion. Morales has not pointed to any evidence with the potential to alter the IJ's alternative ruling that his application fails on the hardship prong. Consequently, Morales cannot show prejudice, which in turn means his Fifth Amendment claims—including his ineffective assistance of counsel claim—must fail.

For the foregoing reasons, we will deny the petition.